THE CITY OF JACKSONVILLE, APPELLANT, VS. RODNEY DOR-
MAN, APPELLEE.

An order, made before the service of a summons to remove a cause to an adjoining circuit on account of the interest of the judge of the Circuit Court in which a complaint may be filed, is illegal, and does not confer jurisdiction upon the court to which the papers may be transmitted under such order.

Appeal from the Circuit Court for Columbia county.

A statement of the case, upon the points decided, is contained in the opinion of the court.

*Sanderson & L'Engle* for Appellant.

No appearance for Respondent.

RANDALL, C. J., delivered the opinion of the Court.

This is a suit for an injunction to restrain the city of Jacksonville from proceeding to remove certain buildings of plaintiff, which the city threatened to do for the purpose of straightening a street, and which proposed action of the city is alleged to be illegal.

After filing the complaint and before the service of summons, the plaintiff presented to the Judge of the Fourth Circuit a petition, alleging that the interest of the judge disqualified him from acting in the cause, and praying that the cause be transferred to the Circuit Court for Columbia county; and the judge, by an order, directed the removal of the cause to the Circuit Court for Columbia county, in the Third Circuit, as prayed. Thereupon the clerk of Duval transmitted the papers in the case to the clerk of Columbia county, and upon the papers being filed in the clerk's office in that county, the Judge of the Third Circuit allowed a writ of injunction on the 16th of August. The summons was issued on the 19th and served on the 20th.

From the order allowing the injunction the defendant appeals, and insists:

1. That the order of the judge transferring the cause from the Fourth to the Third Circuit was irregular and illegal.

2. That the order for injunction made by the Judge of the Third Circuit was irregular and illegal.

3. That the complaint does not show sufficient ground for an injunction.

Section 53 of the Code of Procedure says: "An action is commenced, as to each defendant, when the summons is served on him," and section 78 reads: "Civil actions in the courts of record of this State shall commence by the service of a summons."

Manifestly, a suit is not pending until it has been commenced in some mode recognized by law.

The act providing for the removal of causes from one circuit to another on account of the disqualification of the judge, entitled "An act to provide for the more effectual administration of justice in the courts of this State," and the law found on page 333 of Thompson's Digest, relating to change of venue, are the only provisions under which the plaintiff can be supposed to have proceeded in this matter. These relate to the actual pendency of the suit. The order for the removal in this case was made before an action was commenced. It is claimed by the appellant that the order for the injunction was illegal and void, because no summons was served before granting the order. We do not so understand the law.

The order for injunction was made by the judge upon the complaint after the order and papers had been filed in the office of the clerk of Columbia county and before a summons was issued. The summons, upon its face, states that the complaint was filed in Duval Circuit Court and had been transferred by the order of the Judge of the Fourth Circuit to Columbia county, in the Third Circuit. There

being no cause pending, the order of transfer carried no suit to the Third Circuit upon which the judge of that circuit could act.

The fourth section of the act of 1850 does not apply to this case, because in the contemplation of that section the cause must be pending in one circuit, and on account of the incapacity, &c., of the judge of that circuit, "the judge of any other circuit may hear and determine all matters which may be submitted to him," without changing the venue.

But there.is another matter to which our attention is called by the appellant, which is, that by section 171 of the Code of Procedure, "*before granting* an injunction, the judge or court shall require a written undertaking on the part of the plaintiff, with or without sureties," to secure such damages as may be sustained by the party enjoined by reason of the injunction. No such security was required or given. An injunction would not *necessarily* be dissolved by reason of the inadvertent omission to give security, but the court would, in causes where equity seemed imperatively to require the continuance of the injunction, direct security to be given within a brief period, and on failure to give the security, dissolve it. This case does not seem to belong to that class, and moreover the respondent has failed to appear in this court. But the Circuit Court of Columbia county had not obtained jurisdiction of the cause, and the order for the issuing of an injunction, as from that court, cannot be sustained.

In the peculiar stage of this case, it would be improper to express any opinion upon the third point, involving the merits of the complaint.

The injunction is dissolved, and the order allowing the writ is vacated.