## Ex Parte Herbert Davis.

Where a prisoner who has been sentenced to hard labor in the State Prison obtains, upon writ of error, a new trial while he is performing such labor under the contractor for services of such convicts, and the contractor or State retains him in such custody after the mandate ordering the new trial has been issued, the prisoner will, upon *habeas corpus*, either he remanded to the jailor of the county where his cause is to be tried, or, if the case be bailable, will be released on bail to appear at the next term of the Circuit Court to answer the indictment.

This is a case of original jurisdiction.

The facts of the case are stated in the opinion.

*J. B. Brown* for Petitioner.

*The Attorney-General, contra.*

MR. JUSTICE RANEY delivered the opinion of the court:

The petitioner was convicted of an assault with intent to commit a rape at the spring term, A. D. 1886, of the Circuit Court of Monroe county, and sentenced to imprisonment at hard labor in the State Penitentiary for the term of three years. A writ of error, without supersedeas, was obtained, and at the December sitting, A. D. 1886, of this court, while the petitioner was in the custody of the contractor for services of convicts, we reversed the judgment of Circuit Court and sent the case back for a new trial. He was, upon the issue of the writ of *habeas corpus*, still in the custody of the contractor. This contract system is a part of the penitentiary policy of the State, and in law convicts hired out under it are undergoing the punishment adjudged against them, and are in the custody of the State. Since the reversal of the judgment there has been no warrant for his confinement under such judgment, and as the case is bailable we can admit him to bail to appear at the next term of the Monroe Circuit Court to answer the indictment, or in default of bail we should direct the Sheriff of this court, in whose custody he is under the writ of *habeas corpus*, to deliver him to the jailor of Monroe county to be held by him to answer the indictment. He, however, offers bail in a sum which we are satisfied has the approval of the Circuit Judge of the Sixth Circuit, and which in view of the testimony as it appeared in the record upon the writ of error we deem sufficient. Upon the execution of the bail bond he will be discharged, subject to the terms of such bond ; and it will be so ordered.