## VOLUME 140

## CASES ARGUED AND DECIDED IN THE SUPREME COURT OF LOUISIANA

### AT TERM BEGINNING FIRST MONDAY OF OCTOBER, 1916

(72 South. 788.)

No. 20753.

LANIS v. ILLINOIS CENT. R. CO.

(June 30, 1916.   Rehearing Denied Oct. 16, 1916.)

*(Syllabus by the Court.)*

1. DEATH ☞44—LIMITATION OF ACTIONS ☞ 121(1)—PRESCRIPTION—PARTIES — SUBSTITU-TION — AMENDMENT OF PETITION — NEW CAUSE OF ACTION.

When the widow of a man who was killed by the fault of a railroad company while he was employed and the company was engaged in interstate commerce sues the railroad company in her individual capacity for damages under a state statute, and the defendant excepts to the proceeding on the ground that the right of action under the federal Employers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. 1913, §§ 8657–8665]) precludes a right of action under the state statute, it is proper to allow the plaintiff to amend her petition by appearing in the capacity of administratrix and personal representative of the deceased, for the benefit of herself and his only child. And, in such case, as to the demand for the benefit of the widow, the prescription of two years does not apply if her original petition was filed and served within two years from the fatal accident, notwithstanding her supplemental petition as personal representative of the deceased was filed after the two years had elapsed.

[Ed. Note.—For other cases, see Death, Dec. Dig. ☞44; Limitation of Actions, Cent. Dig. §§ 537, 540;  Dec. Dig. ☞121(1).]

2. APPEAL AND ERROR ☞1171(2)—DISPOSI-TION OF CAUSE—TRIVIAL ERROR.

Where, in a suit for damages for the negligent killing of a man, the jury renders a verdict for $3,000 in favor of the administratrix as personal representative of the deceased, and, under authority of the federal Employers' Liability Act, apportions the amount by allowing $2,999 for the benefit of the widow and only $1 for the benefit of the only surviving child who is of full age of majority, and the defendant appeals from the judgment, the maxim de minimis non curat lex applies to the award of $1 for the benefit of the daughter of age, because that allowance does not even affect the costs.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4547, 4548;  Dec. Dig. ☞ 1171(2).]

**3. Master and Servant ⚙══179—Injuries to Servant — Fellow Servant — Employers' Liability Act.**

The fellow-servant doctrine is not a defense to a suit that is governed by the federal Employers' Liability Act.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 354–358; Dec. Dig. ⚙══179.]

**4. Master and Servant ⚙══189(4)—Injuries to Servant — "Fellow Servant" — "Vice Principal."**

The jurisprudence of Louisiana recognizes the rule that an employé who is intrusted with authority and control over other employés working in a particular department is a vice principal, and not a fellow servant with the employés working under his direction.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 438; Dec. Dig. ⚙══189(4).

For other definitions, see Words and Phrases, First and Second Series, Fellow Servant; Vice-Principal.]

**5. Evidence ⚙══126(1) — Competency — Res Gestæ.**

A declaration by a person fatally injured in an explosion, uttered immediately after the explosion, under great excitement and under such circumstances as to preclude any design or falsification on his part, as to how the explosion occurred, is excepted from the general rule excluding hearsay or self-serving declarations, and is admissible in evidence as a part of the res gestæ.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 372; Dec. Dig. ⚙══126(1).]

**6. Master and Servant ⚙══202—Injuries to Servant—Acts of Foreman—Scope of Employment.**

Where the foreman of men engaged in pumping fuel oil from a tank car to the tender of a locomotive, holds a flaming torch over the open manhole of the receiving tank, in the performance of his duty of measuring or gauging the quantity of oil, and, when admonished by a workman under him not to use the torch, replies that the man is a coward and again passes the torch over the open manhole, causing an explosion and killing the workman who complained, the employer is not exempt from liability for damages for the death, merely because the foreman indulged in greater recklessness than was necessary for the performance of his duty.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 535–537; Dec. Dig. ⚙══202.]

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Action by Mrs. Marshall Lanis against the Illinois Central Railroad Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Hunter C. Leake and Gustave Lemle, both of New Orleans (Blewett Lee and R. V. Fletcher, both of Chicago, Ill., of counsel), for appellant. George J. Untereiner, of New Orleans, for appellee.

O'NIELL, J. The plaintiff's husband was fatally burned in an explosion that occurred while he was employed pumping fuel oil from a tank car into the tender of a locomotive of the defendant company; and she, the widow, in her individual capacity, brought suit against the railroad company for $15,000 damages.

The defendant made application, furnished bond, and obtained an order of court to remove the case to the United States District Court for the Eastern District of Louisiana, because the domicile of the defendant is in another state. But the defendant's counsel saw fit not to avail themselves of the order of removal of the cause, and filed an answer in the state court.

In answer to the petition, the defendant denied that the injury to Marshall Lanis was the result of any fault or negligence on the part of the company, and averred that it was due to the acts of one Timothy Carroll, who, at the time, was not acting within the scope of his employment, and for whose acts, therefore, the defendant was not liable. In the alternative, the defendant alleged that, if it should be held that Carroll was acting within the scope of his employment at the time of the fatal accident, he was the fellow servant of Marshall Lanis, and the defendant was not liable for his acts.

Thereafter, alleging that, in the suit of the administratrix of the succession of Timothy Carroll against this defendant, for damages for his death in the same explosion which caused the death of Marshall Lanis, the United States District Court for the Eastern Dis-

trict of Louisiana had held that the defendant was engaged, and that Carroll was employed, in interstate commerce at the time of the accident, that the liability of the defendant was to be determined by the federal Employers' Liability Act of April 22, 1908, conferring the right of action upon the personal representative of the deceased, and that the judgment had been affirmed by the United States Circuit Court of Appeals for the Fifth Circuit, the defendant's counsel filed a so-called peremptory exception, contending that the widow of Marshall Lanis had no cause of action in her individual capacity, and that her suit should be dismissed. On trial of the exception it was maintained; and, on the authority of the decision of the United States Supreme Court in the case of Missouri, Kansas & Texas Railroad Co. v. Wulf, 226 U. S. 570, 33 Sup. Ct. 135, 57 L. Ed. 355, Ann. Cas. 1914B, 134, the court recognized the plaintiff's right to qualify as administratrix of the succession of her deceased husband and to amend her petition by appearing as the personal representative of the deceased, within the time specified in the judgment maintaining the defendant's exception.

The plaintiff then qualified as administratrix of the succession of her husband, and filed a supplemental and amended petition in her capacity of administratrix and personal representative of her deceased husband, for the benefit of herself and his only surviving child, a daughter of full age of majority. She repeated the allegations of her original petition, as to her cause of action, substantially as follows: That, while her husband was employed by the defendant company, discharging his duty of pumping fuel oil from a tank car to the tender of a locomotive, the receiving tank exploded and he was burned so severely that he died after a few hours of suffering; that the defendant company was at fault in failing to provide sufficient light with which to do the dangerous work of transferring oil from the tank cars to the locomotives, so that it was necessary for the employés to use torches; and that Timothy Carroll, the foreman in charge of and superintending the filling of the locomotive tender, on the night of the fatal explosion, recklessly, carelessly, and with gross negligence, held a blazing torch over the hole through which the oil was being pumped into the tender of the locomotive, ignited the gas in the tank and caused the fatal explosion.

The defendant's counsel filed an exception or demurrer to the supplemental petition, praying that it be rejected and stricken from the record, on the following grounds, viz.: (1) That it was filed too late; (2) that it set forth a new cause of action, different from that set forth in the original petition; (3) that the demand was res judicata; (4) that the action was prescribed by the lapse of two years; and (5) that the plaintiff, as personal representative of the deceased, was suing only for the use and benefit of herself as widow, whereas, under the federal Employers' Liability Act, the personal representative of the deceased should sue for the use and benefit of the widow and children of the deceased.

The foregoing pleas and exceptions were heard and overruled by the court; and we gather from the brief of counsel for defendant that they concede that the ruling was correct, except in so far as it overruled the exception that the supplemental petition set forth a new and original cause of action, different from that set forth in the original petition, and except in so far as the plea of prescription of two years was overruled. At any rate, there was no merit in the other pleas or exceptions. The supplemental petition was filed within the delay allowed and extended by the court, hence there was no merit in the contention that it came too late. The plea of res judicata was founded upon the proposition that the demand of the widow in her individual capacity was disposed

of by the ruling maintaining the exception to her original petition, notwithstanding the judge in his ruling expressly reserved her right to amend her petition by appearing as personal representative of the deceased. There was no merit in the plea of res judicata. On the trial of the exception to her supplemental petition, her counsel disclaimed and abandoned all allegations except in her capacity of personal representative of the deceased. The contention that the demand in the supplemental petition was made only for the use and benefit of the widow had no foundation in fact, because the demand was expressly for the use and benefit of the surviving widow and major daughter. In the case of Gulf Railway Co. v. McGinnis, 228 U. S. 173, 33 Sup. Ct. 426, 57 L. Ed. 785, it was held that, although the judgment, in a suit under the federal Employers' Liability Act, may be for a gross sum, the interest of each beneficiary is to be measured by his or her individual loss, and that the apportionment is to be made by the jury.

In answer to the supplemental petition, the defendant admitted that Marshall Lanis was employed to pump oil into the tenders of the defendant's locomotives; and that, at about midnight on the date of the fatal accident, while he was pumping oil from one of the company's tanks into one of its engines, the tank of the engine exploded, and that he was thereby burned and died early the next morning. The defendant denied, however, that the accident was the result of any fault, negligence, or want of care on the part of the company to provide sufficient light with which to do the work safely and without the use of torches. The defendant alleged that the place where Marshall Lanis was assigned to work was well and properly lighted; that the action of Timothy Carroll, a fellow servant of Marshall Lanis, in holding a torch over the tank, was unnecessary and uncalled for, and directly contrary to the rules of the company; and that Timothy Carroll was acting outside the scope of his employment and contrary to the rules of the company, when he held the torch over the open tank and caused the explosion. The defendant further alleged that Marshall Lanis had worked several months at the place where he was injured, and that he knew the condition as to the lights provided, and, by continuing to work there, assumed the risk incident to working there under the conditions prevailing. The defendant denied that the plaintiff, as administratrix and personal representative of the deceased, was entitled to recover, for the use and benefit of herself or of the daughter of the deceased, any of the items of loss alleged to have been sustained, and, in the alternative, alleged that the demands were excessive.

The case was tried by a jury, who gave judgment in favor of the plaintiff for $3,000, allowing $2,999 for the use and benefit of the widow and only $1 for the use and benefit of the daughter of the deceased. Having overruled the defendant's motion for a new trial, the court signed the judgment in accordance with the verdict. The defendant appealed, and the plaintiff has answered the appeal, praying that the judgment be increased to $15,000.

Although the case of Carroll v. Illinois Central Railroad Co.,[1] was decided by the United States Circuit Court of Appeals before the United States Supreme Court rendered the decision in conflict therewith in Railroad Co. v. Behrens, 233 U. S. 473, 34 Sup. Ct. 646, 58 L. Ed. 1051, Ann. Cas. 1914C, 163, we are not called upon to review the ruling in the present case, that Marshall Lanis was employed, and the defendant company was engaged, in interstate commerce, at the time of the fatal accident, and that, therefore, the question of the defendant's

---

[1] Memorandum decision, without opinion, and not reported.

liability must be determined by the federal Employers' Liability Act. The plaintiff acquiesced in the ruling and does not question its correctness; and, as the ruling was made at the instance of the defendant's counsel, in behalf of the defendant, the latter is not in a position to dispute its correctness. See Wabash Railroad Co. v. Hayes, 234 U. S. 90, 34 Sup. Ct. 729, 58 L. Ed. 1230.

[1] The defendant's counsel insist upon the plea or exception that the supplemental petition changed the issues and set forth a new cause of action, and that, therefore, it should not have been allowed. They contend that the cause of action set forth in the supplemental petition by the administratrix, as personal representative of the deceased and for the benefit of his widow and daughter, under the federal Employers' Liability Act, was entirely different from the cause of action alleged in the original petition by the widow in her individual capacity, for her personal benefit, under the state statute.

We do not understand the contention to be that the statute or law under authority of which an action is brought is the cause of action. The argument is that the action commenced by the filing of the supplemental petition was a new and original action, not so much because it was instituted under authority of another statute than that under which the suit was originally brought, as because the supplemental petition was filed by the personal representative of the deceased for the benefit of his widow and daughter, whereas the original petition was filed by the widow in her individual capacity and for her benefit alone. If the filing of the supplemental petition must be regarded as the beginning of a new and independent action, the action is prescribed, because the supplemental petition was filed more than two years after the fatal accident, and section 6 of the federal Employers' Liability Act provides that no action shall be maintained under the statute, unless it is commenced within two years from the day the cause of action accrued.

In so far as the judgment of $2,999 for the benefit of the widow is concerned, there is no merit in the contention that the demand made in her behalf as personal representative of the deceased should not have been allowed in a supplemental petition. In Missouri, Kansas & Texas Railroad Co. v. Wulf, 226 U. S. 571, 33 Sup. Ct. 135, 57 L. Ed. 355, Ann. Cas. 1914B, 134, the Supreme Court of the United States held that:

"Under the federal Employers' Liability Act the beneficiaries of one killed cannot maintain an action against the employer except as personal representatives of the deceased; but where the plaintiff is sole beneficiary and takes out letters after the commencement of the action, the court may allow an amendment alleging that the plaintiff sues in the capacity of administrator."

The defendant's counsel cite the case of Union Pacific Ry. Co. v. Wyler, 158 U. S. 285, 15 Sup. Ct. 877, 39 L. Ed. 983, holding that, after the action was instituted under the general law of master and servant, a supplemental petition wherein the plaintiff claimed damages under a state statute set forth a new cause of action, and the statute of limitations applied to the demand under the state statute, as made when the amendment was incorporated in the pleadings, not when the suit was filed. To the same effect are the decisions in Hall v. R. R. Co. (C. C.) 157 Fed. 465, and Atlanta Railroad Co. v. Hooper, 92 Fed. 820, 35 C. C. A. 24. The doctrine of the cases cited, however, applies only to the demand for the use and benefit of the daughter of the deceased Marshall Lanis, whose claim was urged for the first time in the supplemental petition of the administratrix as personal representative of the deceased. As to the demand for the benefit of the surviving widow, the doctrine of the case of Missouri, Kansas & Texas Railroad Co. v. Wulf, 226 U. S. 571, 33 Sup. Ct. 135, 57 L. Ed. 355, Ann. Cas. 1914B, 134, is ap-

plicable. The filing of her original petition prevented the application of the statute of limitations to the demand for her use and benefit.

[2] To the award of $1 for the benefit of the daughter of the deceased, in the verdict of $3,000, the maxim de minimis non curat lex is applicable, because the award of $1 in this case does not even affect the costs. In the case of Mequet v. Silverman, 52 La. Ann. 1369, 27 South. 885, where the plaintiff sued for $5,000 damages for slander, it was said that the verdict awarding him $1 was worse than inadequate—that it was equivocal. We assume that, in the case before us, the jury concluded that the daughter of the deceased did not suffer any pecuniary loss by his death, and that she was not entitled to any portion of the judgment in favor of his personal representative, the administratrix.

[3, 4] The fellow-servant doctrine does not apply to this case, since the defendant has insisted that the action be, brought within and be governed by the federal Employers' Liability Act, the first section whereof eliminates that defense. Besides, it was proven by two witnesses, and was not disputed, that Timothy Carroll, whose negligent handling of a blazing torch over the manhole of the oil tank caused the fatal explosion, was the foreman in charge of the work being done by Marshall Lanis and another laborer, at the time of the explosion. Under the jurisprudence of this state, therefore, Timothy Carroll was a vice principal or superior servant, not the fellow servant of Marshall Lanis. See Mattise v. Consumers' Ice Mfg. Co., 46 La. Ann. 1535, 16 South. 400, 49 Am. St. Rep. 356; Vicars v. Cumberland Telephone & Telegraph Co., 52 La. Ann. 2153, 28 South. 367; Wilson v. Banner Lumber Co., 108 La. 590, 32 South. 460; Evans v. Louisiana Lumber Co., 111 La. 534, 35 South. 736; Bonnin

v. Crowley, 112 La. 1025, 36 South. 842. See, also, 26 Cyc. 1307.

As the foreman and both of the laborers working with him were killed, the only direct evidence in the record as to the cause of the explosion is the testimony of Tom Boykin and George Webb, relating what Marshall Lanis told them immediately after the explosion. Boykin, who was working in the roundhouse a short distance away, heard the screaming and the fire alarm and ran immediately to the scene. He says he got to Marshall Lanis about four minutes after the explosion, and, while he was extinguishing the flames from his burning clothing, he asked, "Marshall, what is the matter?" Lanis replied, "Oh, Tom, I am burned to death." The witness then asked how it had happened, and Lanis replied, "Tim Carroll had a torch, looking in the engine and looking down in the tank." He said Carroll was on top of the engine tank, looking down into the manhole with the torch when the fire occurred. George Webb was working on another engine about 75 or 100 feet away when the explosion occurred, and ran immediately to the assistance of the injured men. When he removed the burning clothing from Lanis, the witness asked him how the accident had happened, and Lanis replied:

"That Carroll kept fooling over the manhole with the torch, and he (Lanis) told Carroll to stop that foolishness, and Carroll told them (Lanis and his companion) they were a set of cowards, and threw the torch over the manhole two or three times, and that was the time the explosion happened."

[5] The defendant's counsel urged the objection that the statements made to Tom Boykin and George Webb by Marshall Lanis were not a part of the res gestæ, and were not admissible in evidence. But the statements were so immediately connected with the accident and were made under such excitement and so soon after the explosion, that we must hold that they were admissible in

evidence as a part of the res gestæ. See Wigmore, vol. 3, § 1746 to 1750; 16 Cyc. 1248.

[6] It is also contended that the statements, "that Carroll kept fooling over the manhole with the torch," that Lanis told Carroll "to stop that foolishness," and that "Carroll told them they were a set of cowards, and threw the torch over the manhole two or three times," show that Carroll was not acting within the scope of his employment when he caused the explosion. The evidence shows, and it is not disputed, that it was Carroll's duty to measure or gauge the quantity of oil going into the tank of the locomotive, and that he was performing that duty when Lanis complained of his using the torch over the manhole. The fact that, instead of desisting, the foreman handled the torch more recklessly after Lanis complained, does not, in our opinion, exonerate the employer from responsibility for the recklessness of the foreman.

The evidence does not support the defense that Lanis assumed the risk to which he was subjected by the foreman on the occasion of the accident. There is evidence that there was an electric arc lamp about 50 feet from the locomotive that was being supplied with oil, from which it is argued that the measuring or gauging of the oil could have been done without the use of a torch. That argument, however, ignores the fact that it was the duty of Carroll to gauge the oil. Lanis did not assume the risk that the foreman would use a blazing torch over the open manhole of the oil tank.

The deceased was 43 years of age at the time of the accident, was in good health, had a life expectancy of 23 years, and was earning $45 a month. The amount allowed his widow is little more than a fifth of what he might have earned during his life expectancy, and is not excessive. The plaintiff has answered the appeal, praying that the amount of the judgment be increased; but that is a matter so largely within the discretion of the jury that we will not amend their verdict in this case.

The judgment appealed from is affirmed.