JOHN REFFKIN v. NATHAN MAYO, *et al.*

L. F. CHAPMAN, Superintendent of State Prison, v. J. W. CHASE, alias JOHN REFFKIN.

155 So. 674.

Division A.

Opinion Filed June 9, 1934.

*Cary D. Landis,* Attorney General, and *H. E. Carter,* Assistant, for Plaintiff in Error;

*H. A. Henderson* and *J. V. Walton,* for Defendant in Error.

ELLIS, J.—John Reffkin, under the name of J. W. Chase, was indicted by the Grand Jury of St. Johns County on January 10, 1930, as principal in the second degree to a fraud alleged to have been perpetrated by G. L. Robinson upon J. D. Sinclair. The proceeds from such fraud were alleged to amount to the sum of forty thousand dollars. The offense charged in the indictment is defined by Chapter 8466, Acts of 1821, now Sections 7308, 7309 and 7310, Compiled General Laws, 1927.

On a trial of the charge made in the indictment which occurred on January 6, 1933, Reffkin was convicted and sentenced to pay a fine of ten thousand dollars and be confined at hard labor in the State Penitentiary for a period of five years and in default of the payment of the fine to be confined at hard labor in the State Penitentiary for an additional period of two years. See Reffkin v. Boyce, Sheriff, 104 Fla. 221, 139 South. Rep. 578; Reffkin v. Boyce, Sheriff, 104 Fla. 220, 141 South. Rep. 311.

Before conviction Reffkin sought his discharge from custody on proceedings in habeas corpus on the ground that the indictment charged no criminal offense under the laws of the State. He was remanded to custody and took a writ of error. The above cited cases contain a record of those proceedings.

On January 20, 1933, Reffkin's attorney prepared a petition in his behalf for a writ of habeas corpus to be directed to L. F. Chapman as Superintendent of the State Penitentiary. The venue of the petition was laid in Union County in the Twenty-sixth Judicial Circuit.

The petitioner sought his discharge from the penitentiary upon the grounds that Robinson, the person charged as principal in the commission of the felony, had never been tried for the offense; that the Act under which the indict-

ment was framed was void and inoperative and that its provisions did not authorize the sentence of him to imprisonment in the State prison; that the alleged offense was not a felony; that the nature of the offense alleged to have been committed was such that the petitioner could not have been accessory, conspirator or principal in the second degree to the person charged as principal, and that the minutes of the court failed to show the presence of the prisoner in court when the verdict of the jury was returned.

An affidavit made in Union County on the following day, which was January 21, 1933, affirming that Honorable A. Z. Adkins, Judge of the Circuit Court for the Twenty-sixth Circuit, in which Union County is located, was absent from the circuit and that the affidavit was made to "confer jurisdiction upon the Honorable Fred L. Stringer, Circuit Judge in and for the Twenty-fourth Judicial Circuit."

That affidavit was filed before Judge Stringer on the same day and at the same time the petition for a writ of habeas corpus was also submitted to him.

The writ was issued and on that date Chapman made his return in which he averred that he was detaining Reffkin in the State Prison under authority of a commitment issued from the Circuit Court for St. Johns County.

Judge Stringer on the same day made an order discharging the petitioner from custody.

The petition, affidavit, return of Chapman and the Judge's order were afterwards on the 26th day of January, 1933, filed in the office of the Clerk of the Circuit Court for Union County in the Twenty-sixth Circuit.

On February 3, 1933, Honorable Fred L. Stringer, Judge of the Twenty-fourth Circuit, made an order in the same case purporting to rescind and vacate the order of January 21, 1933, discharging the petitioner from custody. In the

order of February 3rd the judge described the order of discharge as of the date of January 22nd. That is evidently a clerical error, as no order bearing such a date appears in the transcript.

The last order recites, apparently by way of explanation, why he assumed to make any other order in the case. The explanation was as follows: "This Court does not have any information that the Judge of the Twenty-sixth Circuit was not absent at the time and for this reason assumes the jurisdiction to make this order."

It is obvious that such reasoning is vain and wholly without merit to justify the exercise of jurisdiction by a judge of one circuit over a cause pending or which has been disposed of in a different circuit.

The authority of one Circuit Judge to perform the duties which devolve upon the judge of another and different circuit because of the latter's absence from the circuit to which he is assigned exists by virtue of Section 4348 C. G. L. 1927 (Sec. 2681 R. G. S. 1920).

In the proceedings in habeas. corpus before Judge Stringer, acting *pro hac vice* for Judge Adkins of the Twenty-sixth Circuit, the necessary affidavit was made as to the absence from Union County of Judge Adkins. See Keen v. Polk, 72 Fla. 106, 72 South. Rep. 788.

The consideration of the petition by Judge Stringer under the provisions of the statute mentioned did not operate as a change of venue. See City of Jacksonville v. Dorman, 13 Fla. 390; State v. Hocker, 35 Fla. 19, 16 South. Rep. 614.

So the order of discharge was made by Judge Stringer in place of Judge Adkins, who was at that time absent from his circuit. There Judge Stringer's authority ceased. There is no authority in law for the revival of that author-

ity ten days after it had been exercised because he desired to revoke the order of discharge made by him on the ground that no information had come to him that Judge Adkins had returned to his circuit.

The reason set forth in the order for making it need not be noticed save to observe that it may have been observed when the order of discharge was made or when the petition was submitted, but the failure to observe it did not render the order of discharging void.

The order discharging the petitioner was duly made in the exercise by the judge of the power vested in him by the statute, the provisions of which the petitioner and his attorneys definitely availed themselves. It is immaterial how the order was signed.

We hold that in the circumstances the petition for the writ of habeas corpus was submitted to Judge Stringer under the provisions of Section 4348 C. G. L., *supra,* and not under the provisions of Section 5435 C. G. L. 1927, empowering circuit judges in vacation or in term time upon application of one detained in custody to grant a writ of habeas corpus signed by himself and make same returnable immediately before him or any of said courts, justices or judges as the writ issued may direct. We decide this point here in passing because of the position later on taken in the progress of this strange case by counsel for petitioner, who at a different time and to sustain a motion to dismiss a writ of error allowed by the Chief Justice to the Attorney General to be taken to the order of discharge of Reffkin, asserted that the order of discharge was made in a cause pending in the Twenty-fourth Circuit before Judge Stringer and not a cause pending in the Twenty-sixth Circuit for Union County to which court the writ was directed commanding the sending up of the record.

The position should not be sustained because the record in the habeas corpus proceedings discloses that the petitioner by his counsel sought the decision of the Judge of the Twenty-fourth Circuit because of the absence of Judge Adkins from the Twenty-sixth Circuit and under the provisions of Section 4348 C. G. L., *supra*. The two positions are inconsistent and should not be attempted to be maintained, the one for one purpose and the other for another purpose.

In the order of February 3, 1933, by which Judge Stringer attempted to vacate the order made by him in place of Judge Adkins absent from his circuit on January 21, 1933, the court directed the rearrest of Reffkin and his delivery to the custody of the Superintendent of the State Prison.

That order was invalid; made without any authority of law, without notice to petitioner or his counsel, and apparently without motion but *sua sponte* by the court apparently upon the theory that the case having been submitted to him because of the absence of Judge Adkins from the circuit in which the cause was pending the absence of the latter judge from his circuit was presumed to continue so long as the "judge *pro hac vice*" might desire for any reason at a later date to make another order in the cause until such time at least as information should come to him of the return of the judge to his circuit.

Many months later Reffkin was rearrested upon authority of the order of Judge Stringer made on February 3, 1933, and delivered to the Superintendent of the State Prison. Thereupon he applied by his attorneys to the Chief Justices of this Court for a writ of habeas corpus to be directed to L. F. Chapman as Superintendent of the State Prison requiring him to produce the body of Reffkin together with the cause of his detention before a Justice of this Court,

or the entire Court, or before any Circuit Judge, at a time and place to be named in the writ.

The petition alleged that the true name of the petitioner was John Reffkin, and that he is the same person who was indicted, tried, convicted and sentenced in the Circuit Court of St. John's County to the State Prison under the name of J. W. Chase and later discharged on writ of habeas corpus before Honorable Fred L. Stringer, Judge of the Twenty-fourth Circuit.

In that petition it is contended that the sentence and commitment of the petitioner by the Circuit Court for St. Johns County is no longer of any force and effect because he was discharged and released from such imprisonment by the order of Judge Stringer made on January 21, 1933; that such order was a final judgment to which no writ of error has been taken and it remains in full force and effect notwithstanding the subsequent order made by Judge Stringer on February 3, 1933, in which he attempted to vacate the order of discharge, and that the petitioner is therefore entitled to his liberty.

On January 2, 1934, the Chief Justice of this Court made an order allowing a writ of error from this Court to the Circuit Court of the Twenty-sixth Circuit for Union County to review the order of discharge and release of Reffkin from the State Prison.

The authority for such action of the Chief Justice is found in Section 5444 C. G. L. 1927 (Section 3580 R. G. S.).

A transcript of the record was made up by the Clerk of the Circuit Court for Union County and certified by him under the seal of that court on January 4, 1934.

The assignment of errors attacked the correctness of the ruling of Judge Stringer in his order releasing Reffkin from confinement in the State Prison; that the court should have

remanded the petitioner for proper "sentence and judgment of the court as imposed by Section 2 of Chapter 8466, Laws of Florida, Acts of 1921 (being Sections 7309, Compiled General Laws of Florida, 1927)."

The respondents in the habeas corpus proceedings begun in this Court by Reffkin answered on December 29, 1933. The return averred that Reffkin was held and imprisoned in the State Prison under and by virtue of his conviction in the Circuit Court for St. Johns County on January 12, 1933, and that the order of Judge Stringer made on January 21, 1933, releasing Reffkin from imprisonment was vacated by Judge Stringer on February 3, 1933, by order made by him on that date.

Reffkin filed exceptions to the return based upon the ground that the order of January 21, 1933, releasing him from custody was a valid judgment, still in force and effect, and had not been reversed by any judgment of this Court on writ of error and that the order made by Judge Stringer on February 3, 1933, purporting to vacate the order of discharge was void as being without authority of law; that the appended order to that of February 3, 1933, for the rearrest of Reffkin was likewise void and of no effect; that no valid ground is set forth in the return for the detention of Reffkin.

Reffkin also answered the return of the respondent which in substance averred that his discharge from custody by Judge Stringer was a valid judgment and entitled the petitioner to his liberty; that such order is still in full force and effect; that the order of February 3, 1933, made by Judge Stringer is void and of no force or validity in law; that the order of discharge remains in full force and effect until and unless it is reversed in proper proceedings on writ of error in accordance with the provisions and requirements

of the statute; that his arrest and return to Florida was without authority of law because it was made pursuant to an ineffective process and in violation of the judgment of a court of competent jurisdiction discharging and releasing him from confinement under the sentence and judgment pronounced against him in St. Johns County.

The first writ of error taken by the State to the judgment of January 21, 1933, releasing Reffkin from imprisonment was dismissed and on January 20, 1934, the Chief Justice allowed another writ of error to be taken. The transcript made up on the first writ was by order of this Court allowed to be used on the second writ.

On April 18, 1934, Reffkin moved to dismiss the last writ of error taken by the Attorney General in behalf of the State. One ground of the motion is that the plaintiff in error in that case has filed no brief in support of the assignments of error as the rule requires that the writs should have been directed to the Circuit Court of the Twenty-fourth Circuit as the order of discharge of January 21, 1933, was the order and judgment of that court in the exercise of powers conferred upon the Circuit Judge of that Circuit by the Constitution and the provisions of Section 5435, *supra*.

So the case is here in a double aspect. There is a duly issued writ of error directed to the judgment of the Circuit Court for the Twenty-sixth Circuit to review the judgment of discharge of the defendant in error, Reffkin, made and entered on January 21, 1933. There is a writ of habeas corpus directed to the Commissioner of Agriculture and Chapman as Superintendent of the State Prison to produce the body of Reffkin with the cause of his detention, the answer of the respondents, and Reffkin's motion to strike the answer as insufficient.

So far as the validity of the original conviction and sentence of Reffkin may be involved in this controversy the point may be considered settled against him, insofar as the sentence to imprisonment in the State Prison is concerned. See Chapman v. Lake, 112 Fla. 746, 151 South. Rep. 399; Haworth v. Chapman, 113 Fla. 591, 152 South. Rep. 663.

But that point is not involved in these proceedings because at the time Reffkin applied to this Court in December, 1933, for a discharge from the imprisonment he was suffering in the State Prison, he was entitled to his liberty so far as the judgment of his conviction in St. Johns County was any authority to the contrary by reason of the order made by Judge Stringer on January 21, 1933, which was still in full force and effect a valid judgment to which no writ of error had been taken and which was unaffected by the order of February 3, 1933, made by Judge Stringer purporting to vacate the order of discharge because the latter order was made without authority of law and by a judge having no jurisdiction of the matter at the later date.

The motion to dismiss the writ of error is denied, because it was directed to the judgment of the proper court, the same being the judgment of the Circuit Court for the Twenty-sixth Judicial Circuit for Union County. We hold to this view for the reason hereinbefore stated.

The exceptions interposed by Reffkin to the respondent's return to the writ of habeas corpus are well taken and the answer is sufficient as against such return insofar as both pleadings rest upon the proposition that the order of discharge entered by Judge Stringer as *pro hac vice* for the Judge of the Twenty-sixth Circuit for Union County is a valid, subsisting judgment and in full force and effect until reversed by this Court on writ of error, and that the subsequent order made by Judge Stringer on February 3, 1933,

purporting to vacate the order of release and discharge is void as made without authority or jurisdiction.

If the original order of discharge by which Reffkin obtained his liberty, notwithstanding the judgment and conviction and sentence of him by the Circuit Court for St. Johns County, is invalid as being contrary to law and is so determined by this Court in the proceedings on writ of error to that judgment of release and discharge of him, then his imprisonment in the State Prison would not be unlawful from the date when this Court may so decide. The question is now before this Court on writ of error, but the decision has not yet been rendered nor the case yet considered on its merits, although the point of law upon which Reffkin obtained his release in the habeas corpus proceedings before Judge Stringer in January, 1933, has been determined against him by this Court in two cases hereinbefore cited. See Chapman v. Lake, *supra;* Haworth v. Chapman, *supra.*

The power to discharge from custody by writ of habeas corpus is one that should be exercised with extreme caution and only in a clear case and must be exercised in aid of the administration of justice, not to defeat or needlessly embarrass it. See Commonwealth v. Seechrist, 27 Pa. Super. 423, text 427.

Where the particular custody is illegal and the prisoner is entitled to be discharged therefrom it does not follow that he is entitled to an absolute release and discharge from all custody.

In the case of Porter v. State, 62 Fla. 79, 56 South. Rep. 406, the petitioner was in custody under a void judgment and sentence of conviction in a court of justice of the peace. He sought his release on habeas corpus. The Circuit Court before which he applied for his discharge dismissed

the writ and ordered the sheriff to hold the petitioner. On writ of error from the Supreme Court this Court held that while the sentence by the justice of the peace was void for apparent want of jurisdiction it ordered the sheriff to take the petitioner before the proper tribunal for appropriate action under the law.

In *Ex parte* Davis, 23 Fla. 56, 1 South. Rep. 332, the petitioner was in custody on a conviction of assault with intent to commit rape. He was serving a sentence at hard labor in the State Prison. A writ of error was taken by him without supersedeas and the judgment was reversed and the cause sent back for a new trial. After the reversal of the judgment there was no warrant for the petitioner's confinement. He applied for his discharge on writ of habeas corpus. He was not discharged, but the court allowed bail and provided that in case of failure to supply it that he be held by the sheriff to answer to the indictment.

If sufficient ground appears the court may refuse to discharge the petitioner absolutely, even if the particular custody is illegal, and order that he be held to be dealt with according to law.

In the case of *Ex parte* Harfourd, 16 Fla. 283, this Court, speaking through Mr. Chief Justice RANDALL, quoted favorably the following paragraph from a work on Habeas Corpus:

"Ordinarily, if the warrant be found invalid for the want of essential requisites or conditions, the prisoner will be entitled to be discharged. But this is not an invariable rule even where there is no statute to direct the action of the court or judge under the writ. Where the proofs upon which the committing magistrate acted have been certified up or otherwise properly presented to the court or officer hearing the *habeas corpus,* or the further proofs which may

be adduced at the hearing where such further proofs are permitted, create a reasonable ground of suspicion of the prisoner's guilt of the crime specified, or any other, it has been held to be the duty.of such court or officer, if invested with the power of a committing magistrate, not to discharge the prisoner absolutely, however defective the warrant may be, but to remand or commit him *de novo.*"

The circumstances in which the petitioner seeks his discharge in habeas corpus in this proceeding seem to us to be analogous to those cases in which the petitioner is required to be held to await a proper proceeding at law even though the cause of his present detention seems to be illegal.

He was rearrested by the order of a court of general jurisdiction. Although such order may be held to be illegal, yet the question is now before this Court whether his release and discharge from imprisonment under his conviction in St. Johns County was valid. That question will soon be determined in this very proceeding when that aspect of the present case is considered on the writ of error.

We therefore conclude that the petitioner should be remanded to the custody of the Superintendent of the State Prison to await the decision of this Court on the question presented by the writ of error taken to the order of discharge of January 21, 1933.

It is so ordered.

WHITFIELD, TERRELL and BUFORD, J. J., concur.

DAVIS, C. J., disqualified.

BROWN, J. (dissenting in part).—I concur in the foregoing able opinion, except as to the last few paragraphs and the order made. Section 5444, C. G. L., under which the State sued out the writ of error above referred to, provide that "no such writ of error shall operate as a supersedeas in any criminal case to an order or judgment dis-

charging persons from custody. I think the conclusion here reached and the order made amounts to the granting of a supersedeas, and conflicts with the language as well as the policy of the statute referred. to.