HOBSON, Justice.
Three related matters involving one Louis Llerandi are before us for disposition, and we will consider them as hereinafter indicated:
In Llerandi v. Blackburn, Llerandi appeals from an order of the circuit court in a proceeding for habeas corpus, remanding him to the custody of the sheriff. The petition for writ of habeas corpus filed by Llerandi had sought to contest the legality of petitioner’s detention under an extradition warrant issued by the Governor of Florida pursuant to a request by the Governor of Texas. At the time the petition for the writ was presented, however, Llerandi was held not only under the warrant which he attacked but also on conviction of a felony in the Criminal Court of -Record for Hillsborough County, Florida, and on a “hold order” issued by the federal authorities charging petitioner . with unlawful flight to avoid prosecution.
The circuit judge was of the opinion that since Llerandi’s petition attacked only one of three grounds upon which he was detained, Llerandi was not in any event entitled to the relief which he sought, and his petition must be denied. In his brief upon appeal Llerandi concedes that he was “in custody on another valid charge” when he sought to attack the extradition proceedings. He cites cases holding that habeas *249 corpus is a proper method in extradition proceedings to controvert the allegation that the accused was personally in the demanding state when the alleged offense was committed. In none of the cited cases, however, was the petitioner in custody on another valid charge.
In Reffkin v. Mayo, 115 Fla. 214, 155 So. 674, 678, we held that even though the particular custody in which the petitioner is held be illegal, the court may refuse to discharge him absolutely and order that he be held to be dealt with according to law. We also observed in that case that the power to discharge from custody by writ of habeas corpus “should be exercised with extreme caution and only in a clear case”, and that it “must be exercised in aid of the administration of justice, not to defeat or needlessly embarrass it.” And in Hollingshead v. Mayo, Fla., 79 So.2d 774, where the petitioner was held in custody not only by virtue- of one sentence, which he attacked as invalid, but also under another sentence, of which he did not complain, we did not consider the legality of the sentence under attack, but ordered the writ quashed and the petitioner remanded to custody. On the basis of these authorities, it appears that no error was committed by the circuit judge.
In the next matter, Llerandi v. State, the State seeks to review so much of the order of the circuit court as grants bail to Llerandi during the pendency of Llerandi’s appeal. Here the State is concerned only with Llerandi’s detention under the •executive warrant in the extradition proceedings. In State ex rel. Stringer v. Quigg, 91 Fla. 197, 107 So. 409, we determined this point in accordance with the contention of the State and held that generally bail may not be given for a prisoner held under a warrant of rendition. We have consistently followed the Stringer case. See State ex rel. Peck v. Chase, 91 Fla. 413, 107 So. 541; Chase v. State ex rel. Burch, 93 Fla. 963, 113 So. 103, 54 A.L.R. 271; and Mitchell v. Stoutamire, 113 Fla. 822, 152 So. 629. It appears that the portion of the order challenged by the State is error, and must be reversed.
Finally, in Llerandi v. State, Llerandi appeals from judgment of the Hillsborough County Criminal Court of Record entered consequent upon a verdict of guilty of violating the lottery laws. Appellant had been found in possession of Cuban lottery tickets. The sole point for which he contends, as appellant, is that the court erred in admitting in evidence certain slips of paper, based upon the testimony of Captain Heinrich, Chief of the Vice Squad of the Tampa Police Department, that the slips of paper were Cuban lottery tickets.
Appellant asserts that Captain Heinrich did not possess the qualifications necessary to make identification of the tickets. A review of the record indicates that this witness claimed to have investigated 180 lottery cases, of which the majority involved the Cuban lottery. In the course of these investigations, he had questioned numerous persons involved in the lotteries and had even participated in lotteries as an undercover agent for the police department. The investigation conducted by the witness extended over a period of two and one half years. The witness was cross-examined upon his qualifications by defense counsel, but nothing was developed which would tend to discredit his testimony. Heinrich went on to testify in detail regarding the operation of the Cuban lottery, and appeared to be entirely familiar with it. It is difficult to understand how a witness could be better qualified to identify lottery paraphernalia than this witness obviously was. We find no error in the judgment appealed from in this case.
It follows that in Llerandi v. Blackburn those portions of the order appealed from by Llerandi must be affirmed, while the portion of the order challenged by the State *250 must be set aside. In Llerandi v. State the judgment appealed from must be affirmed.
It is so ordered.
TERRELL, C. J., DREW and THOR-NAL, JJ., and JONES, Circuit Judge, concur.