STATE OF FLORIDA v. J. T. HANCOCK.

1 So. (2nd) 609
En Banc
Opinion Filed April 19, 1941

*J. Tom Watson,* Attorney General, *Nathan Cockrell,* Assistant Attorney General, and *O. C. Parker,* for Appellant; *B. K. Roberts* and *Weldon G. Starry,* for Appellee.

TERRELL, J.—Appellee was informed against in Leon

County on a charge of embezzlement. This appeal was prosecuted under the Criminal Code, Chapter 19554, Acts of 1939, from an order of the circuit court quashing the information.

The question raised on the motion to quash and brought here for determination is whether or not appellee was immunized from prosecution for any crime under Section 8311, Compiled General Laws of 1927, by reason of the fact that he was required to give testimony in a proceeding before the State Attorney affecting the charge against him.

Section 8311, Compiled General Laws of 1927, in effect provides that no one shall be relieved from testifying with reference to a charge of bribery, burglary, larceny, gaming, or any of the statutes against the sale of intoxicating liquors because the evidence given may tend to convict him of a crime but the person so testifying shall not be subject to prosecution for any matter about which he testified and the evidence secured shall not be used against him in any criminal proceeding.

Appellant contends that since appellee was informed against for embezzlement and that embezzlement is not included in the category of crimes listed in the statute about which he may be called to testify and that since his testimony does not incriminate him as to any of the crimes named, he is not immunized from prosecution under the terms of the statute.

The statute is cast in what is known as the periodic sentence so named because the gist of it (exemption from prosecution) is suspended and expressed in the concluding part. In other words, the one called is not excused from testifying because the evidence tends to convict him of a crime but when he has testified, he shall not be afterward prosecuted for any offense about which he testified and the

evidence secured shall not be used against him in any criminal investigation or proceeding.

So the fact that the prosecution was for burglary is immaterial. After he was required to testify, he was immune from prosecution for any crime about which he gave evidence and none of the evidence secured can be used against him. We have read the evidence and cannot escape the conclusion that it is within the inhibition of the statute and had the effect of immunizing appellee from any crime it tends to prove, so the judgment appealed from is affirmed. State *ex rel.* Marshall v. Petteway, 121 Fla. 822, 164 So. 972.

Affirmed.

BROWN, C. J., BUFORD and ADAMS, J. J., concur.

CHAPMAN and THOMAS, J. J., dissent.

WHITFIELD, J., disqualified.

BROWN, J. (concurring).—It appears that after Hancock had been summoned to appear before the State Attorney, and had done so, and had testified at length, he was later on informed against for both larceny and embezzlement. Some time later, the charge of larceny was dropped. The servant and custodian of the personal property or funds of another, who appropriates or converts them to his own use, may be guilty of both larceny and embezzlement, and may be prosecuted for either offense. See Fitch v. State, 135 Fla. 361, 185 So. 435, 125 A. L. R. 360.