WILEY POPPELL, alias LITTLE WILEY POPPELL v. STATE OF FLORIDA.

4 So. (2nd) 331
Division A
Opinion Filed October 17, 1941

*Royal C. Dunn, L. W. Blanton* and *W. P. Chavous,* for Appellant;

*J. Tom Watson,* Attorney General, and *Joseph E. Gillen,* Assistant Attorney General and *Woodrow M. Melvin,* Special Assistant Attorney General, for Appellee.

ADAMS, J.—This appeal is from a judgment of conviction of attempt to commit a felony to-wit: larceny of cattle.

On August 14, 1939, defendant procured one James Horton to ride the range of Taylor County with him and the two of them gathered two cows and about ten calves. The cattle were driven about nine miles and penned, about dark, at the home of the defendant's father. One cow bore the mark and brand of W. Frank Strickland and the other that of Pearl and Douglas Wilson. The calves were unmarked.

The State produced ample evidence to support the charge. The defendant testified that he gathered the cattle under the belief that they belonged to his aunt and father, and that he did not intend to steal them.

Defendant was indicted on September 28, 1939. The following day a plea of not guilty was entered.

At the spring term of court 1941, defendant filed a motion to quash the indictment because he had prior to the return of the indictment given evidence under process of subpoena to the state attorney relative to the subject matter of the indictment. No request was made to withdraw the plea. The motion was denied. The case was tried resulting in conviction.

First. Was there error in denying the motion to quash? We think not. By pleading to the charge, defendant waived the immunity. See Section 137 &

142, Criminal Procedure Act. The immunity claimed by defendant is available under statute and it was his privilege to claim or waive as he might elect. State v. Hancock, 146 Fla. 693, 1 So. (2nd) 609.

The method of claim is provided by the Criminal Procedure Act. No request was made of the trial judge to allow the plea of not guilty to be withdrawn.

Under the circumstances we do not feel justified in putting the lower court in error.

Other questions relate to the sufficiency of the evidence and rulings on testimony. We have carefully considered same and find the evidence sufficient and no reversible error in the record.

The judgment is affirmed.

BROWN, C. J., WHITFIELD and BUFORD, J. J. concur.