ALLEN, Chief Judge.
This is an appeal from a verdict of guilty and subsequent conviction and sentence of the appellants on a charge that they did, on the 2nd day of October, 1957, unlawfully and feloniously conspire, etc., to commit a felony other than a capital offense, to-wit: to set up and promote and assist each other in setting up and promoting a lottery commonly called bolita, etc. The information was filed on the 7th day of February, 1958. The particular date alleged in the information is very important in this case as Chapter 833, Florida Statutes, F.S.A., was amended at the regular Legislative Session of 1957, which amendments became effective October 1, 1957. Three additional sections were added to Chapter 833, one of which, Section 833.04, provided for a conspiracy to commit a felony, making the charge a felony whereas prior to this time a conspiracy to commit a crime was a misdemeanor under section 833.01.
The defendants vigorously protested the introduction of any evidence that showed any of their actions prior to the effective date of the amended statutes (Oct. 1, 1957). The trial judge overruled all of these objections and at the conclusion of the trial instructed the jury that if they found that the parties were guilty of conspiracy prior to October 1st, 1957, they could be convicted of a misdemeanor, as such a charge was a lesser included charge in the information under which the defendants were tried and, if the jury should find that such acts were committed after October 1st, that they could be convicted of a felony charge.
The appellants state point IV of their brief as follows:
“Abuse of judicial discretion as to
“(A) Granting a continuance.
“(B) Granting a change of venue.
“(C) Allowing an improper statement of law by prosecution in their opening statement.
“(D) Denial of Appellants’ motions to strike testimony.
“(E) Failure to declare a mistrial after jury heard incompetent and inflammatory evidence.
“(F) Admission of improper rebuttal testimony.”
We have read the briefs of counsel as well as the appendices of the parties in addition to all of the testimony adduced below and do not find that harmful error was committed by the trial court under any of the subheads alleged in point IV of the appellants’ brief. We should say in passing that we did this despite the fact that the question as stated is not in compliance with the Rules of Appellate Procedure in this State. Fla.App. Rule 3.7, subd. f(4), 31 F.S.A., Reid v. Johnson, Fla.App.1958, 106 So.2d 624; De Fonce Construction Co. v. Ewing, Fla.App.1958, 99 So.2d 718.
Point V of appellants’ brief is stated as follows:
“Failure to examine jurors individually as provided in Florida Statutes, 1957, Chapter 913.02 [F.S.A.].”
The record presented does not contain information from which this court can determine the method used by the trial judge in examining the jurors which naturally precludes any further reference to this question.
*502 Point VI of the appellants’ brief is as follows:
“Failure to grant the appellant Ba-zarte immunity under 932.29 Florida Statutes [F.S.A.].”
The transcript of record shows that the defendant, Peter Bazarte, filed a plea of “not guilty” to the charge of the information under which he was tried. The record does not show any request of Bazarte to withdraw his “not guilty” pleas but shows a motion to quash the information on the grounds of the alleged immunity. By pleading to the charge, the defendant waived immunity. See State v. Hancock, 146 Fla. 693, 1 So.2d 609; Poppell v. State, 148 Fla. 275, 4 So.2d 331.
Point I of appellants’ brief is as follows:
“Is conspiracy prior to October 1, 1957, a lessor included offense within conspiracy to commit a felony, Florida Statutes, Chapter 833.04 [F.S.A.] ?”
Point II of appellants’ brief reads :
“Did the change in Chapter 833 of the Florida Statutes which was effective October 1, 1957 make this date an essential and material part of the proof of the case?”
The jury was given three separate verdicts applicable to each of the three defendants: (1) Not guilty; (2) Guilty of a misdemeanor; and (3) Guilty of a felony. The court instructed the jury that in order to be guilty of the felony, evidence must show the conspiracy after October 1, 1957.
We do not deem it necessary to answer appellants’ point I above stated since the jury found the defendants guilty of the felony as charged in the information.
Some consideration may be helpful at this point, however, which should adequately dispose of both point I and point II raised by appellant.
Article III, section 32 of the Florida Constitution, F.S.A., provides:
“Crimes, effect of repeal or amendment of law — The repeal or amendment of any Criminal Statute shall not effect the prosecution or punishment of any crime committed before such repeal or amendment.”
The Supreme Court of Florida discussed the scope and effect of an amendment to a criminal statute in Whatley v. State, 46 Fla. 145, 35 So. 80. The accused was tried under an indictment which charged that he:
“On the 1st day of December, A.D. 1901, in the county and state aforesaid, with force and arms, unlawfully did then and there have carnal intercourse with an unmarried female under the age of sixteen years, to wit, one * * * contrary to the statute in such case made and provided.”
The accused was convicted and after the first sentence imposed was found to be void, the court resentenced him. Whatley then brought a writ of error to the Supreme Court assigning as error the lower court’s overruling Whatley’s motion in arrest of judgment.
Section 2598, Revised Statutes 1892, before its amendment, read as follows:
“Carnal Intercourse with Unmarried Female under Sixteen Years. — Whoever has carnal intercourse with any unmarried female who is under the age of sixteen years shall be punished by imprisonment not exceeding twelve months or by fine not exceeding five hundred dollars.”
This statute was amended by Chapter 4965, page 111, Act approved May 31, 1901, and became effective the same date. The Act as amended stated:
“Carnal Intercourse with Unmarried Female under Eighteen Years. — Whoever has carnal intercourse with any unmarried female who is at the time of such intercourse under the age of eighteen years, shall be punished by imprisonment not more than ten years, *503 or by fine not exceeding two thousand dollars, or by both fine and imprisonment.”
The Court noted that it was apparent the indictment was intended to charge an offense under the amendment but worded according to the language of the original act, although the date of the offense in the indictment was December 1, 1901, one day subsequent to the effective date of the amendment. In regard to this matter, the Court stated:
“It is true that, generally speaking, the precise date aKeged in the indictment as the day upon which the offense was committed is not material, so that there will be no variance if another day be proved, provided it be prior to the finding of_the indictment, and within the statute of limitations. But the indictment must on its face charge a crime sufficiently definite to enable the court to impose the proper sentence, and in determining its sufficiency in this respect the date alleged must be taken as true.”
The Court commented that under section 32, Article III, Constitution, 1885, the prosecution or punishment of a crime committed before the amendment took effect would not be affected, and as to such crimes, the original act would still be controlling.
The Court then quoted extensively from Commonwealth v. Maloney, 112 Mass. 283, wherein was stated:
“ * * * When a statute makes an act punishable from and after a given day, the time of the commission of the act is an essential ingredient of the offense, to the extent that it must be alleged to have been after such day. So, if a statute changes the punishment of an existing offense by imposing a severer penalty, with a clause saving from its operation offenses already committed, the allegation of time is material. The nature and character of the offense, and penalty affixed to it, depend upon the time when the act charged is committed. If in such a case an indictment alleges the act to have been committed before the passage of the statute enlarging the penalty, the offense charged and the punishment annexed to it are different from the offense and punishment if the act is committed after such time. They are different offenses, and an allegation of one is not sustained by proof of the other. Otherwise the defendant would be exposed to a greater punishment upon a trial than he would be upon a plea of guilty.”
The Florida Court then reversed What-ley’s conviction and remanded the case with directions to grant the motion in arrest of judgment.
The reasoning to be derived from the Whatley opinion is that offenses committed prior to the amendment must be prosecuted and punished under the act as it existed before the amendment, while offenses committed subsequent to the amendment must be prosecuted and punished under the amendment.
Thus, in the instant case, the saving provision of section 32, Article III, Florida Constitution, would enable an accused to be charged with violating 833.01 prior to October 1, 1957, even though the information was not filed until after October 1, 1957. This is supported by the language in Plummer v. State, 83 Fla. 689, 92 So. 222, which quotes the holding of Whatley v. State, supra. An accused could not be charged, however, with violating 833.01 upon the basis of conduct or acts committed after October 1, 1957, because of the provision of General Laws, 1957, Chapter 57-383 amending chapter 833, Florida Statutes, F.S.A., section 4 of which states:
“All laws and parts of laws in conflict herewith are hereby repealed.” *504 Section 6 of the same chapter provides:
“This act shall take effect October 1, 1957.”
As a consequence of the change in Chapter 833, Florida Statutes, F.S.A., considered in connection with Article III, section 32, supra, there were formed two distinct offenses, to-wit, conspiracy prior to October 1, 1957, and conspiracy to commit a felony after October 1, 1957. This and related problems are discussed in Annotation, 1947, 167 A.L.R. 845.
This court must conclude from the above reasoning the lower court erred in instructing the jury that conspiracy prior to October 1, 1957 is a lesser included offense within conspiracy as set forth in 833.04 after October 1, 1957. It is to be noted, however, that this error could only operate as harmful error to the state and not to the defendants. If the jury had returned a verdict of guilty of a misdemeanor for acts committed after October 1, 1957, we would have been compelled to reverse for reasons stated previously. The information charged the defendants with committing the conspiracy on October 2, 1957, thus a finding of guilty of a misdemeanor prior to October 2, 1957 would likewise have to be set aside. It is manifest, therefore, that the trial judge did not prejudice the rights of the defendants by his' charge or statement that a lesser included offense was included in the information under which the defendants were tried.
The court is obviously of the opinion that the effective date of the amendment to Chapter 833 of the Florida Statutes, F.S.A., is important and its importance was noted by the lower court in his instructions to the jury, but since the record disclosed abundant proof of the guilt of Peter Bazarte and Kenneth Hemmerle of acts subsequent to October 1st, 1957, we find no harmful error apparent as to these tvio appellants.
We have, however, searched the record in vain for evidence of any guilt on the part of the defendant, Robert Hemmerle, subsequent to October 1, 1957. We are of the opinion that the lower court committed error in not granting a new trial to Robert Hemmerle.
We shall, therefore, affirm the convictions of Peter Bazarte and Kenneth Hem-merle and reverse the lower court as to Robert Hemmerle for further proceedings not inconsistent with this opinion.
SHANNON, J., and FUSSELL, CARROLL, Associate Judge, concur.