CARROLL, Judge.
This is an authorized appeal from a judgment in habeas corpus entered in the circuit court by which a prisoner awaiting trial on the charge of receiving a bribe was discharged.
The relator, the appellee Clyde R. Husk, was a civil engineer employed by Metropolitan Dade County with the title of Traffic Engineer of the Public Works Department of the county, whose duties consisted of traffic planning and installation of traffic control devices.
*39 On May 3, 1963, an information was issued charging Husk with accepting a bribe in violation of § 838.012, Fla.Stat., F.S.A The information charged that Husk accepted a $500 bribe from the owner of an inn bordering a highway for a traffic, light installation there. As to how the receipt of the bribe came about the information alleged, in substance, that Husk solicited the bribe through one Peter Maimone as a go-between; and that at the instance of and by agreement with Husk, Maimone obtained from the property owner $1,000 which he and Husk divided.
The bribe was alleged to have been solicited and received March 8, 1963 in Dade County. Some time between that date and the issuance of the information in May, Husk was called before an assistant state attorney and interrogated by the latter with reference to the subject matter referred to. At that time Husk signed a written waiver of immunity. Later, after the information was issued, Husk filed a motion to quash in the criminal court of record where the cause was pending, in which motion it was contended the information failed to allege a crime under the laws of Florida. The motion to quash was denied. Some months later, after having pleaded not guilty and while released on bail awaiting trial, Husk surrendered himself into custody and filed in the circuit court in Dade County a petition in habeas corpus, contending the information did not state a crime and that. the criminal court was without jurisdiction to proceed because he had gained immunity from having been interrogated by the state attorney. A writ of habeas corpus was issued, and answered by the state. On hearing thereon Husk was discharged, and this' appeal followed.
In granting habeas corpus and discharg-' ing Husk, the circuit court ruled that the-information did not state a crime under the' laws of Florida, and also ruled that Husk was entitled to immunity as a result of his prior interrogation before an assistant state' attorney, under § 932.29, Fla.Stat., F.S.A.
In support of the appeal the state argues ■ that the court was in error in concluding that the information did not allege a crime under the laws of the State of Florida, and in concluding that the waiver of im-. munity given by Husk was not effective to deprive him of immunity for the interrogation.
The scope of inquiry in the circuit court habeas corpus was limited to a determination of the validity of the statute under which Husk was charged and as to-whether the allegations of the information wholly failed to state any offense under the laws.of the State of Florida.[1] The circuit, court did not go beyond that limited scope in its consideration of the information on *40 habeas corpus, but held that no crime was stated. The reason given by the circuit court for so holding was, in effect, that because the information alleged Husk used a go-between to propose and obtain a bribe, his receipt of the bribe money was not a crime under the laws of Florida. The statement of that proposition supplies its answer. A person who deals for and obtains a bribe through an agent or go-between, may be in violation of a statute against receiving bribes equally as if he dealt directly. It would unduly lengthen this opinion to quote the information here, and to set out in full the Florida Statute against receiving a bribe. The validity of the statute was not assailed, and a reading of the information shows that a crime was charged under that statute. The reason for holding otherwise by the circuit judge on habeas corpus was unsound, and the holding constituted error.[2]
Turning now to the second question, relating to the ruling of the circuit court on the immunity, we hold that it was error for the circuit court to discharge Husk on that ground. This is so because the circuit court was without jurisdiction, as the appropriate remedy at that stage of the case in the criminal court of record would be to challenge the jurisdiction of the latter court to proceed by claiming immunity, and then, if that court proceeded, to seek relief by writ of prohibition in the appropriate court, that is, in the court having appellate jurisdiction of the criminal court of record. Where a case is pending in the criminal court against a person claiming immunity (such as under § 932.29, Fla. Stat., F.S,A.) it would be the duty of the criminal court involved to give effect to such immunity if it existed. Should the criminal court in such a case refuse to recognize the immunity the further action of that court in prosecuting the cause would amount to an excess of jurisdiction which then would be subject to restraint by prohibition. State ex rel. Reynolds v. Newell, Fla.1958, 102 So.2d 613, 615; State ex rel. Byer v. Willard, Fla.1951, 54 So.2d 179; State ex rel. Marshall v. Petteway, 121 Fla. 822, 164 So. 872.
For the reasons stated, and for the further reason that the immunity claimed is considered waived by a plea of not guilty,[3] we hold the trial court was in error in discharging the petitioner on the ground of immunity.
In the circumstances presented the writ should have been denied and an order of remand entered. Accordingly the judgment appealed from should be and hereby is reversed.
Reversed.

. This well established rule has been announced through the years by the Florida Supreme Court. It was early stated in Ex parte Prince, 27 Fla. 196, 9 So. 659, 660, as follows: “ * * * [W]here an indictment has been found which, although subject to attack and overthrow upon demurrer, contains enough to show that an offense has been committed of which- the-. court has jurisdiction, .the party charged cannot be discharged on writ of habeas corpus, but will be remitted to the court in which the indictment is pending for such proceedings as the law may warrant * ‡ * The writ cannot be used as a substitute for a demurrer, a motion to quash, a writ of error, or an. appeal or cer-tiorari. * * * ” See In re Robinson, 73 Fla. 1068, 75 So. 604, 606, L.R.A. 1918B, 1148; Hepburn v. Chapman, 109 Fla. 133, 149 So. 196, 198-199; Taylor v. Chapman, 127 Fla. 401, 173 So. 143; State ex rel. Franc v. Henderson, Fla. 1952, 57 So.2d 840, 841; State ex rel. Leonard v. Kelly, Fla.1957, 92 So.2d 172; Kelly v. State ex rel. Curry, Fla. 1957, 92 So.2d 178; 15 Fla.Jur., Habeas Corpus, § 33.
In conformity with the foregoing it was • said: “ * * * The power to discharge from custody by writ of -habeas corpus is one that should be exercised with extreme caution and only in a clear ease and must be exercised "in aid of the administration of justice,- not to défeat -or needlessly, embarrass it. * * * ” Reffkin v. Mayo, 115 Fla. 214, 155 So. 674, 678. Accord Taylor v. Chapman, supra.

. AVe pretermit ruling on whether the action of the circuit court in habeas corpus amounted to an unauthorized appellate review of the criminal court’s holding thereon, because we have concluded that on the basis on which the circuit court ruled on the question of whether the information alleged a crime it was in error. We point out, however, that the offense charged was a felony and within the jurisdiction of the criminal court of record as to which tlie circuit court did not have appellate jurisdiction, and that a motion to quash the information had been filed, considered and denied in the criminal court of record on the identical ground of failure to state a crime under the laws of Florida.

. See Poppell v. State, 148 Fla. 275, 4 So.2d 331; Bazarte v. State, Fla.App.1959, 114 So.2d 500.