## STATE v. COOPER.
No. 5775.

Circuit Court, Dade County, Criminal Appeal.

April 1, 1966.

Fred A. Jones, Jr., Miami, for appellant.

Richard E. Gerstein, State Attorney, John P. Durant, Assistant State Attorney, for appellee.

HAL P. DEKLE, Circuit Judge.

This cause came before the court on the appeal of Ruth L. Cooper from her convictions in the Dade County metropolitan court of careless driving and driving while under the influence of intoxicating liquor.

The appellant first questioned the sufficiency of the evidence. An examination of the record on appeal reveals ample evidence to support the convictions.

The appellant further contended that because section 30-15 of the code had been amended without a saving clause she could not be prosecuted under section 30-15(a) thereof. The argument was based on the theory that the amendment subsequent to the offense repealed or negatived the prior section 30-15.

Appellant relies on Bazarte v. State (Fla. App. 2d), 114 So.2d 500, in support of this contention. This case does not hold that the amendment of an act eliminates the former act and therefore the offense but that where a statute is amended changing an offense

from a misdemeanor to a felony the accused, whose offense occurred prior to the amendment, must be tried as a misdemeanant.

The law is well settled that statutory repeal by implication is not favored and that there must be a positive repugnancy between the former and the new enactment. De Coningh v. City of Daytona Beach (Fla. App. 1st 1958), 103 So.2d 233.

Even if the amendatory ordinance could be held to be a repeal of the prior ordinance, a holding for which this court can find no basis in the record, the ordinance was re-enacted at one and the same time. It is apodictic in the law that where a repealing act re-enacts substantially the provisions of the act repealed, the latter is construed not to be thereby destroyed or interrupted in its operation but is continued in uninterrupted operation and judgment may be rendered upon a conviction under it though the offense was committed and prosecution commenced before the repeal. Forbes v. Board of Health of Escambia County (Fla. 1891), 9 So. 446.

In the instant case the offense and punishment prescribed are precisely the same in section 30-15(a) both before and after the amendment. In view of the foregoing, it is ordered and adjudged that the convictions are affirmed.