BLACK, Judge.
Linda Lan Chmura filed a petition for writ of certiorari to review an order that was entered pursuant to the circuit court’s appellate capacity. The circuit court dismissed Chmura’s appeal from a small claims court final judgment when she failed to file a reply brief, and subsequently, it denied her motion to stay or recall issuance of the mandate and to reinstate the appeal. Chmura argues, and we agree, that the circuit court departed from the essential requirements of the law when it failed to reinstate her appeal. Thus, we grant Chmura’s petition and quash the denial of her motion with directions to reinstate the appeal.
I. The County and Circuit Court Proceedings
On October 13, 2006, Chmura sold her house to Marilyn Maxson. At the time of the sale, the 2006 tax bill was not available, so the parties used the 2005 tax bill to *159 estimate closing costs. Subsequently, Maxson filed an action in small claims court for the difference in prorated taxes, and on June 12, 2008, the county court entered a final judgment in favor of Max-son. Chmura timely appealed the county court’s decision. She filed her initial brief in that appeal on September 19, 2008, and Maxson filed an answer brief on November 20, 2008. On June 25, 2009, the circuit court dismissed the appeal stating that Chmura had not filed a reply brief, and the parties had not taken any further action. The circuit court also sent a letter to the parties on June 25, 2009, stating that the reply brief was not timely. Subsequently, Chmura filed a motion to stay or recall issuance of mandate and to reinstate the appeal. The circuit court denied this motion without explanation.
II. The Narrow Standard of Review
In a petition for certiorari that seeks review of an appellate decision from the circuit court, the standard of review is narrow. See Bennett v. State, 28 So.3d 782, 786 (Fla. 2d DCA 2009). The district court’s inquiry only involves two questions: (1) whether the circuit court afforded the petitioner procedural due process, and (2) whether the circuit court “applied the correct law” or “departed from the essential requirements of the law.” Id. In order for a writ of certiorari to issue, a “departure from the essential requirements of the law” must be more than a simple legal error. Id. A grant of certiorari should only occur when “ ‘there has been a violation of a clearly established principle of law resulting in a miscarriage of justice.’ ” Id. (quoting Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 528 (Fla.1995)).
III. The Circuit Court’s Error in Failing to Reinstate the Appeal
The circuit court “departed from the essential requirements of the law” when it failed to reinstate Chmura’s appeal. The motion for reinstatement was grounded upon the notion that the circuit court incorrectly dismissed the appeal for lack of a reply brief. Florida Rule of Appellate Procedure 9.210(f) permits a party to file a reply brief, but it does not require one. Rule 9.210(f) states, in part, “the reply brief, if any, shall be served within 20 days.... ” (Emphasis added.) Chmura filed her initial brief on September 19, 2008. Maxson filed an answer brief on November 20, 2008. Chmura chose not to file a reply brief. On June 25, 2009, the circuit court dismissed the appeal stating that “[n]ot all briefs were filed,” and that “[n]o further action had been taken ... [since] preparation of the appeal was completed on August 25, 2008.” However, the parties had filed all the required briefs prior to the dismissal. There was no further action required by the parties, and the circuit court incorrectly dismissed the appeal. Thus, the circuit court’s error in failing to reinstate the appeal is more than a simple legal error; it violates the clearly established principle that an appellant is not required to file a reply brief. Furthermore, the circuit court’s failure to decide the merits of Chmura’s appeal after all required briefs were filed resulted in a miscarriage of justice to Chmura.
For all the reasons discussed above, we grant the petition for certiorari. The order denying Chmura’s motion to reinstate the appeal is quashed with directions to reinstate the appeal.
WHATLEY and SILBERMAN, JJ., Concur.