PER CURIAM.
In September 2009, Julio Cruz (Defendant) filed an emergency petition for writ of prohibition with this court, seeking to prohibit the Broward County circuit court from proceeding to trial until the Florida Supreme Court determines the proper procedure for deciding immunity from prosecution pursuant to section 776.032, Florida Statutes (2009) (the “Stand Your Ground” law, enacted by chapter 2005-27, section 5, at 202, Laws of Florida). We grant the petition.
Defendant, who was charged with aggravated assault with a deadly weapon, filed a motion to dismiss based on a claim of immunity under the statute. The state’s traverse denied defendant’s allegations, and, without holding an evidentiary hearing, the trial court denied the motion, relying on our decision in Velasquez v. State, 9 So.3d 22 (Fla. 4th DCA 2009) (explaining that trial court had properly denied a similar motion because, under Rule 3.190(c)(4), a motion to dismiss has to be denied when the facts are in dispute).
In Velasquez, we certified conflict with Peterson v. State, 983 So.2d 27 (Fla. 1st DCA 2008), which set forth the following procedure for such motions:
We now hold that when immunity under this law is properly raised by a defendant, the trial court must decide the matter by confronting and weighing only factual disputes. The court may not deny a motion simply because factual disputes exist. Here, the trial court did what was required. Petitioner is not precluded from submitting the matter to the jury as an affirmative defense in his criminal trial.
In the absence of a procedure for handling these matters, we find guidance from the Colorado Supreme Court’s decision in People v. Guenther, 740 P.2d 971 (Colo.1987). In that case, the court decided that Colorado’s similar immunity statute authorized a trial court to dismiss a criminal prosecution at the pretrial stage and did not merely create *1069 an affirmative defense for adjudication at trial. Id. at 976. The court further determined that a defendant raising the immunity would have the burden of establishing the factual prerequisites to the immunity claim by a preponderance of the evidence. Id. at 980. The court imposed the same burden of proof as it would in motions for postconviction relief or motions to suppress. Id.
Likewise, we hold that a defendant may raise the question of statutory immunity pretrial and, when such a claim is raised, the trial court must determine whether the defendant has shown by a preponderance of the evidence that the immunity attaches. As noted by the trial court, courts have imposed a similar burden for motions challenging the voluntariness of a confession. See, e.g., McDole v. State, 283 So.2d 553, 554 (Fla.1973). We reject any suggestion that the procedure established by rule 3.190(c) should control so as to require denial of a motion whenever a material issue of fact appears.
Peterson, 983 So.2d at 29-30.
We held defendant’s petition in abeyance pending the supreme court’s resolution of the issue, which was presented on review of Dennis v. State, 17 So.3d 305 (Fla. 4th DCA 2009) (affirming conviction on direct appeal), reh’g denied, 17 So.3d 310 (Fla. 4th DCA 2009) (certifying conflict). In Dennis, we stated, “We find no error in the trial court’s decision to deny the motion to dismiss. As we recognized in Velasquez v. State, 9 So.3d 22 (Fla. 4th DCA 2009), a motion to dismiss based on statutory immunity is properly denied when there are disputed issues of material fact.” 17 So.3d at 306.
The supreme court recently resolved the conflict, rejecting our position in Dennis and approving that of the first district in Peterson. Dennis v. State, 51 So.3d 456 (Fla.2010). Accordingly, we grant the petition and direct the trial court to follow the procedure set forth in Peterson and approved in Dennis.

Petition Granted.

POLEN, TAYLOR and LEVINE, JJ„ concur.