SILBERMAN, Chief Judge.
Pawel Mocio seeks second-tier certiorari review of the circuit court’s order denying his petition for writ of prohibition. Mocio sought the writ of prohibition after the county court rejected his claim of immunity from criminal prosecution under the “Stand Your Ground” law and denied his motion to dismiss a domestic battery charge. We grant the petition because the circuit court applied the incorrect law in determining that prohibition is not a proper vehicle for reviewing orders denying motions to dismiss which assert immunity from criminal prosecution.
Mocio was charged with misdemeanor domestic battery in county court for slamming a window shut on his estranged wife’s hands as she tried to gain access to his room. He filed a motion to dismiss in which he asserted he was entitled to immunity under section 776.032, Florida Statutes (2010), the Stand Your Ground law. The county court held an evidentiary hearing and denied the motion. The county court concluded that it was not reasonable for Mocio to slam the window on his estranged wife’s hands to keep her from entering the room.
Mocio then filed a petition for writ of prohibition in the circuit court seeking to preclude the county court from exercising further jurisdiction over him based on his alleged entitlement to immunity. The circuit court denied the petition and concluded that a writ of prohibition was not a proper vehicle for challenging the propriety of the county court’s continued jurisdiction. The circuit court determined that the county court had jurisdiction over the misdemeanor domestic battery charge and that Mocio had an adequate remedy via direct appeal if convicted.
Mocio now seeks certiorari review of the circuit court’s order denying his petition for writ of prohibition. This court’s scope of review on second-tier cer-tiorari is limited to determining whether the circuit court afforded Mocio procedural due process and applied the correct law. See Ivey v. Allstate Ins. Co., 774 So.2d 679, 682 (Fla.2000). At issue in this case is whether the circuit court applied the correct law by determining that a writ of prohibition was not a proper remedy because the county court had jurisdiction and Mocio had an adequate remedy on direct appeal. In order to resolve this question, we must determine whether the court violated “‘a clearly established principle of law resulting in a miscarriage of justice.’ ” Miami-Dade Cnty. v. Omnipoint Holdings, Inc., 863 So.2d 195, 199 (Fla.2003) (quoting Tedder v. Fla. Parole Comm’n, 842 So.2d 1022, 1024 (Fla. 1st DCA 2003)).
It is well-settled that a writ of prohibition is a proper remedy for an accused who is challenging his continued prosecution based on grounds of immunity. See Tsavaris v. Scruggs, 360 So.2d 745, 747 (Fla.1977); State ex rel. Reynolds v. Newell, 102 So.2d 613, 615 (Fla.1958); State ex rel. Marshall v. Petteway, 121 Fla. 822, 164 So. 872, 874 (1935). This is because the question of whether a defendant has immunity may also be framed as the question of whether the lower court has jurisdiction to try him. Tsavaris, 360 So.2d at 747.
(T)he appropriate remedy ... would be to challenge the jurisdiction of the ... court to proceed by claiming immunity, and then, if that court proceeded, to seek relief by writ of prohibition in the appropriate court, that is, in the court having appellate jurisdiction.... Where a case is pending in the criminal court against a person claiming immunity ... it would be the duty of the criminal court involved to give effect to such immunity if it existed. Should the crim *604 inal court in such a case refuse to recognize the immunity the further action of that court in prosecuting the cause would amount to an excess of jurisdiction which then would be subject to restraint by prohibition.
Id. (quoting Buchanan v. State ex rel. Husk, 167 So.2d 38, 40 (Fla. 3d DCA 1964)(alternation in original)). And prohibition is the proper remedy in cases involving immunity from prosecution despite the availability of relief on direct appeal of a conviction. Reynolds, 102 So.2d at 615. In fact, several of our sister courts have entertained petitions for writ of prohibition to review circuit court orders denying motions to dismiss under the Stand Your Ground law. See Cruz v. State, 54 So.3d 1067 (Fla. 4th DCA 2011); State v. Yaqubie, 51 So.3d 474 (Fla. 3d DCA 2010); Peterson v. State, 983 So.2d 27 (Fla. 1st DCA 2008). Accordingly, the circuit court violated a clearly established principle of law in determining that a writ of prohibition was not a proper remedy in this case.
The next question we must resolve is whether this violation of the law resulted in a miscarriage of justice. We hold that the circuit court’s outright refusal to review the denial of Mocio’s assertion of immunity rises to the level of this type of serious misapplication of the law. Cf. Chmura v. Maxson, 46 So.3d 158,159 (Fla. 2d DCA 2010) (holding it was a miscarriage of justice for the circuit court sitting in its appellate capacity to refuse to reinstate an appeal based on a party’s failure to file a reply brief).
In conclusion, the circuit court violated a clearly established principle of law resulting in a miscarriage of justice by determining that a writ of prohibition was not the proper vehicle for challenging the propriety of the county court’s ruling on the immunity issue and its continued exercise of jurisdiction over Mocio. Thus, we grant Mocio’s petition for certiorari review with directions for the circuit court on remand to consider Mocio’s petition on the merits.
Petition granted.
NORTHCUTT and CRENSHAW, JJ., Concur.