No. 12,562.

THE PEOPLE v. SWENA.
(296 Pac. 271)

Decided February 9, 1931.

Mr. ROBERT E. WINBOURN, Attorney General, Mr. COLIN A. SMITH, Assistant, for the people.

Mr. HARRY S. CLASS, for defendant in error.

*En Banc.*

MR. JUSTICE BUTLER delivered the opinion of the court.

THE Public Utilities Commission sued M. B. Swena to recover the amount of a fine imposed by it in a contempt proceeding. It is alleged in the complaint that the commission found that Swena was operating as a motor vehicle carrier without having obtained a certificate of public convenience and necessity, and ordered him to desist; that he violated such order and was adjudged by the commission to be in contempt; and that the commission fined him $200 for such contempt. The trial court dismissed the case, holding that the power to punish for contempt is a judicial power not within the province of the commission.

Section 2975, C. L., provides that every person who

shall fail to obey an order of the commission, except an order for the payment of money, "shall be in contempt of the commission, and shall be punishable by the commission for contempt in the same manner and to the same extent as contempt is punished by courts of record." It also provides: "The remedy prescribed in this action [section] shall not be a bar to or affect any other remedy prescribed in this act, but shall be cumulative and in addition to such other remedy or remedies." Section 2970, C. L., provides a penalty, not exceeding $2,000, for a failure to obey an order of the commission, and declares that in case of a continuing violation of such order, "each day's continuance thereof shall be and be deemed to be a separate and distinct offense." Section 2974, C. L., provides that actions to recover "penalties" shall be brought in the district court in the name of the people of the state of Colorado, and that all "fines and penalties" recovered in any such action shall be paid into the state treasury to the credit of the Public Utility Commission fund.

Article III of the Colorado Constitution is as follows: "The powers of the government of this state are divided into three distinct departments—the legislative, executive and judicial; and no person or collection of persons charged with the exercise of powers properly belonging to one of these departments shall exercise any power properly belonging to either of the others, except as in this constitution expressly directed or permitted." By section 1 of article VI the judicial power of the state, "except as in the constitution otherwise provided," is vested in the courts. Section 12 of article V provides that each house of the General Assembly shall have power to punish its members or other persons for contempt in its presence, and to "enforce obedience to its process." In impeachment trials under article XIII the senate sits as a court and, of course, exercises judicial powers.

The Public Utilities Commission is not a court.

*Public Utilities Commission v. Colorado Title & Trust Co.,* 65 Colo. 472, 178 Pac. 6; *Clark v. Public Utilities Commission,* 78 Colo. 48, 239 Pac. 20. It is charged with the performance of certain executive and administrative duties. In the performance thereof, and as incidental thereto, it hears evidence, ascertains facts, and exercises judgment and discretion, but this is the exercise of merely a quasi judicial function, not the exercise of judicial power within the meaning of the Constitution. *Public Utilities Commission v. Colorado Title & Trust Co., supra.*

██ The power to punish for contempt is a judicial power within the meaning of the Constitution. It belongs exclusively to the courts, except in cases where the Constitution confers such power upon some other body. *Interstate Commerce Commission v. Brimson,* 154 U. S. 447, 485, 14 Sup. Ct. 1125, 38 L. Ed. 1047; *Langenberg v. Decker,* 131 Ind. 471, 31 N. E. 190, 16 L. R. A. 108. The Constitution, as we have seen, confers that power in certain cases upon each house of the General Assembly. The Constitution of Oklahoma expressly confers upon the corporation commission the powers of courts of record, including the power to punish for contempt. Const., art. IX, §19. Our Constitution confers no such power upon the Public Utilities Commission.

██ Delivering the opinion of the court in *Interstate Commerce Commission v. Brimson, supra,* Mr. Justice Harlan said (p. 488): "Of course, the question of punishing the defendants for contempt could not arise before the Commission; for, in a judicial sense, there is no such thing as contempt of a subordinate administrative body;" and again (p. 485): "Such a body could not, under our system of government, and consistently with due process of law, be invested with authority to compel obedience to its orders by a judgment of fine or imprisonment." With the views thus expressed we are in full accord.

In fining Swena for contempt, the commission acted without constitutional warrant.

Section 2975, C. L., attempting to confer upon the commission the power to punish for contempt, is unconstitutional and therefore void.

The judgment is affirmed.