McCORD, Judge.
Appellant appeals his robbery conviction. He filed a motion in the trial court to dismiss the information on the ground that he was immune from prosecution because he had been granted immunity pursuant to the operation of § 914.04, Fla.Stat.1975. Following an evidentiary hearing, the court denied the motion to dismiss and thereafter appellant pled nolo contendere and preserved on the record his right to appeal the court’s order denying his motion to dismiss.
On February 14, 1975, the state attorney filed an information against Freddie Lee McKinney and “John Doe.” The information alleged that McKinney and an unknown person committed a robbery on February 11, 1975. Appellant called the police and told them he had information concerning the robbery. Two detectives interviewed appellant, and he signed a waiver of rights against self-incrimination. Pursuant to the information received, the state attorney subpoenaed appellant, and he was interrogated on March 24, 1975, (without being placed under oath) concerning the whereabouts of his automobile on the night of the robbery and what he knew about the robbery. At that time, the state considered that it had the identity of one person involved in the robbery (Freddie Lee McKinney), but it had not identified the second person. Appellant informed the state that McKinney had his (appellant’s) automobile on the night in question. This was the only pertinent information given by appellant relative to the robbery. More than five months later, on September 9, 1975, the state filed an amended information naming appellant as a co-defendant.
§ 914.04, Fla.Stat.1975, provides as follows:
“Witnesses; person not excused from testifying in certain prosecutions on ground testimony might incriminate him; immunity from prosecution. — No person, having been duly served with a subpoena or subpoena duces tecum, shall be excused from attending and testifying or producing any book, paper, or other document before any court having felony trial *979 jurisdiction, grand jury, or state attorney, upon investigation, proceeding, or trial for a violation of any of the criminal statutes of this state upon the ground or for the reason that the testimony or evidence, documentary or otherwise, required of him may tend to convict him of a crime or to subject him to a penalty or forfeiture, but no person shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter, or thing concerning which he may so testify or produce evidence, documentary or otherwise, and no testimony so given or produced shall be received against him upon any criminal investigation or proceeding.”
Here appellant called the police and volunteered that he had information about the robbery. Upon being contacted by the police, he signed a waiver of his constitutional rights against self-incrimination. He thereafter was subpoenaed to the state attorney’s office because of his voluntary representation that he had information about the robbery. The only information that he related was that McKinney had his (appellant’s) automobile on the night of the robbery. Under these circumstances, his testimony before the state attorney to such effect was voluntary and constituted a waiver of immunity. Compare State v. Newell, 102 So.2d 613 (Fla.1958); State ex rel. Foster v. Hall, 230 So.2d 722 (Fla. 2 DCA 1970); and Orosz v. State, 334 So.2d 26 (Fla. 1 DCA 1976).
AFFIRMED.
BOYER, C. J., and RAWLS, J., concur.