447 So.2d 1351 (1984)
James W. JENNY, Petitioner,
v.
STATE of Florida, Respondent.
No. 63279.
Supreme Court of Florida.
March 8, 1984.
Rehearing Denied May 2, 1984.
*1352 Loren H. Cohen and Max B. Kogen, Miami, for petitioner.
Jim Smith, Atty. Gen., and Marlyn J. Altman and Sharon Lee Stedman, Asst. Attys. Gen., West Palm Beach, for respondent.
SHAW, Justice.
We have before us by petition for review State v. Jenny, 424 So.2d 142 (Fla. 4th DCA 1982), a decision which expressly affects the state attorneys, a class of constitutional officers. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Petitioner was served with a subpoena on October 15, 1980, which commanded him to appear before the state attorney to testify that same morning. He was questioned regarding the transaction for which he was later charged. Petitioner's motion to dismiss two counts of the information because they related to his subpoenaed testimony before the state attorney was granted. The district court reversed, finding that section 914.04, Florida Statutes (1979) did not confer immunity in the absence of petitioner's having asserted his privilege against self-incrimination and the state having compelled his answer over his objection. We quash the decision of the district court.
Section 914.04, Florida Statutes (1979) provides:

Witnesses; person not excused from testifying in certain prosecutions on ground testimony might incriminate him; immunity from prosecution.  No person, having been duly served with a subpoena or subpoena duces tecum, shall be excused from attending and testifying or producing any book, paper, or other document before any court having felony trial jurisdiction, grand jury, or state attorney, upon investigation, proceeding, or trial for a violation of any of the criminal statutes of this state upon the ground or for the reason that the testimony or evidence, documentary or otherwise, required of him may tend to convict him of a crime or to subject him to a penalty or forfeiture, but no person shall be prosecuted or subjected to any penalty *1353 or forfeiture for or on account of any transaction, matter or thing concerning which he may so testify or produce evidence; documentary or otherwise, and no testimony so given or produced shall be received against him upon any criminal investigation or proceeding.
By its very plain meaning, the statute is self-executing. The statute automatically grants use and transactional immunity to one who testifies under the circumstances it delineates.[*] There is no requirement that a person must invoke the privilege against self-incrimination in order to be granted immunity. Had the legislature so desired, it could have included such a provision. We will not rewrite the statute. Where a statute is unambiguous and clear upon its face, courts must accord the statute its plain meaning and are not free to construe it otherwise. Carson v. Miller, 370 So.2d 10 (Fla. 1979); Heredia v. Allstate Insurance Co., 358 So.2d 1353 (Fla. 1978).
The decision of the district court is quashed with directions to reinstate the trial court's order dismissing the counts relating to the transaction about which petitioner was subpoenaed to testify before the state attorney.
It is so ordered.
BOYD, OVERTON and McDONALD, JJ., concur.
ALDERMAN, C.J., dissents with an opinion, in which EHRLICH, J., concurs.
ALDERMAN, Chief Justice, dissenting.
I would approve the decision of the District Court of Appeal, Fourth District, which reverses the trial court's order granting defendant's motion to dismiss two counts of the information.
The Fourth District correctly held that section 914.04, Florida Statutes (1979), did not confer transactional or use immunity on the defendant in the absence of his having asserted his privilege against self-incrimination and in the absence of the state's having compelled his answer over his objection. It further correctly held that the state's failure to first advise defendant of his right against self-incrimination did not relieve him of the necessity to assert this right.
Section 914.04 is not self-executing upon the issuance of a subpoena and nonprotesting compliance with the subpoena by the witness's attendance. To gain the immunity provided by this state, the subpoenaed witness must assert his privilege against self-incrimination. When he asserts this privilege but is still compelled to furnish incriminating evidence, his answers then may not be used against him in a subsequent criminal prosecution.
EHRLICH, J., concurs.
NOTES
[*] Section 914.04 was amended in 1982 to delete the provision regarding transactional immunity.