SCHEB, Judge.
Defendant, Osvaldo Perez, appeals his conviction and sentence for manslaughter. He argues the trial court erred in allowing a witness to assert his fifth-amendment privilege against self-incrimination and to refuse to answer certain questions. We find his argument meritorious and reverse.
The state charged defendant with second-degree murder in the June 12, 1983, stabbing death of Juan Marchan at a tavern in Dade City. At his jury trial a number of witnesses testified that five or six people, including the defendant and Mar-chan, were involved in a fight outside the bar. None of the witnesses, however, saw who stabbed Marchan.
While some of the testimony of the state’s witnesses inferred defendant’s guilt, Esquivel Delgado, a convicted felon, gave the only direct testimony that the defendant stabbed Marchan. Delgado was in the same cellbloek with defendant after defendant was arrested. According to Del *174 gado, while another inmate was reading defendant a newspaper article about the incident, the defendant said that “he had done that.” Delgado stated that defendant said “that he had not killed a dead man, that he had killed a dog and if he had to do it again, he would do it again.” Upon further questioning, Delgado testified that defendant said “that he had not killed a Christian, that he had killed a dog and if he was born again, he would do it again.” According to Delgado, the defendant admitted that he stabbed a person known as Juan twice in the right side.
On cross-examination defense counsel asked Delgado why he had made a knife in the jail cell “to go after” the defendant. Delgado’s attorney, who was present only to advise Delgado of his fifth-amendment rights, objected on the ground that Delgado’s answer might tend to incriminate him. Defense counsel countered that it was necessary to pursue this line of inquiry to show Delgado’s bias against the defendant. The court upheld Delgado’s assertion of the fifth-amendment privilege against self-incrimination and ruled that Delgado did not have to answer the question. Furthermore, the court precluded counsel from asking any questions involving Delgado’s possession of a knife. During the remainder of his testimony, Delgado vacilated to some extent as to whether the defendant clearly indicated whom he had supposedly killed.
At the close of all the evidence, defense counsel requested instructions on manslaughter, battery and assault. The trial court only instructed the jury on second-degree murder and the lesser offense of manslaughter. The jury found defendant guilty of manslaughter. The trial court sentenced him to seven years imprisonment, and this appeal ensued.
The defendant forcefully argues that the court erred in permitting the witness Delgado to assert a fifth-amendment privilege and to refuse to answer questions concerning his alleged threats to the defendant with a knife. He contends that the court should have ordered Delgado to respond to that line of questioning, because it was essential to his attack on Delgado’s credibility. Moreover, defendant contends this inquiry was crucial to his defense, because Delgado’s testimony was the only direct evidence indicating the defendant, one of several participants in the fight, had stabbed the victim. We agree.
A witness cannot be excused from testifying on fifth-amendment grounds when, as here, he has been duly served with a trial subpoena by the state. § 914.-04, Fla.Stat. (1983). Under these circumstances this statute, which is self-executing, granted use immunity to Delgado. Jenny v. State, 447 So.2d 1351 (Fla.1984). Consequently, the court erred in restricting defense counsel’s cross-examination of Delgado.
It is fundamental that the defendant had the right on cross-examination to attack Delgado’s credibility. Lewis v. State, 335 So.2d 336, 339 (Fla. 2d DCA 1976). Defense counsel’s obvious purpose in asking questions regarding Delgado’s alleged threats with a knife was to show Delgado’s hostility, if any, toward the defendant. Such bias was not brought out in any other testimony; therefore, the court’s error in restricting cross-examination on this point was not harmless.
Consequently, the defendant is entitled to a new trial. Of course, he can not be retried for the charge of second-degree murder. Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969); Fla.R.Crim.P. 3.640(a).
Finally, the defendant argues that the trial court erred in refusing to give his requested jury instruction on the lesser-included offense of battery. In view of our holding, we decline to address that issue. However, on retrial, if the information alleges and the evidence establishes a battery, then a jury instruction on battery would be appropriate. In re Florida Rules of Criminal Procedure, 403 So.2d 979 (Fla.1981); Fla.R.Crim.P. 3.510(b).
*175 Accordingly, we reverse the defendant’s conviction for manslaughter and remand for a new trial.
GRIMES, A.C.J., and CAMPBELL, J., concur.