SHIVERS, Judge.
Appellant Spessard Putnal appeals his conviction of filing a fraudulent claim for per diem and traveling expenses. We agree there was error in the trial court, but find it was harmless error, so we affirm.
In early 1982, the State began an investigation into alleged corruption in the Florida Highway Patrol (FHP). As a part of this investigation, appellant, a FHP corporal, was subpoenaed for a deposition on September 28, 1982. Because appellant’s attorney had a schedule conflict, it was agreed that the deposition would take place on September 29th instead.
On September 29, appellant’s deposition was taken, in which he made potentially incriminating statements. It is undisputed that appellant was never formally miran-dized and that he never asserted his right against self-incrimination. Following the deposition, appellant went to the offices of *445 Colonel Burkette of the FHP to complain. Several weeks later, on October 20, 1982, appellant was formally charged by information with filing a fraudulent claim for per diem and traveling expenses.
Appellant moved to suppress the incriminating statements he had made to the State and hearings were held upon these motions on March 1 and April 13, 1983. Appellant argued that (1) the statements were inadmissible as violative of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and (2) said statements were protected by the “use immunity” guaranteed by section 914.04, Florida Statutes, whenever one testifies pursuant to a section 27.04, Florida Statutes (State criminal investigation) subpoena. The trial court denied the motion and appellant’s deposition statements were used at trial. Colonel Burkette testified that appellant admitted to the instant crime in the conversation which immediately followed the September 29 deposition. Appellant was adjudicated guilty and fined $300. This appeal followed.
Appellant maintains that his statements are entitled to “use immunity.” As noted, section 914.04, Florida Statutes, provides that whenever one testifies pursuant to a section 27.04, Florida Statutes, subpoena, such testimony cannot later be used as evidence against deponent. Although deponent may be prosecuted for the “transactions” to which he refers, the State is required to use evidence which is totally independent of deponent/defendant’s statements.
Appellant contends that since he testified in response to a State subpoena, under section 914.04, Florida Statutes, all statements made in response thereto are automatically inadmissible at trial. Jenny v. State, 447 So.2d 1351 (Fla.1984). Appellee responds that appellant appeared and testified freely and voluntarily rather than pursuant to a subpoena. Appellee reasons that since appellant had arranged to appear a day late, the State attorney had withdrawn the subpoena and appellant was no longer required to appear. Appellee adds that in any case, since appellant was only commanded to appear on September 28, appellant’s appearance on the following day was at variance with the subpoena’s instructions. McCoy v. State, 338 So.2d 52 (Fla. 4th DCA 1976). Appellee concludes that appellant did not appear pursuant to subpoena and, therefore, no immunity applies.
We disagree. Although appellant’s deposition was rescheduled, we note that (1) only a court which issues a subpoena may withdraw it (State v. Weir, 380 So.2d 1297 (Fla. 3d DCA), review denied, 389 So.2d 1115 (Fla.1980); and (2) a one-day delay, as an extension of professional courtesy, is not a “considerable variation” as contemplated by McCoy, supra. Consequently, we find that the trial court erred in admitting appellant’s deposition statements into evidence. However, we find that this error was harmless, and affirm appellant’s conviction.
The doctrine of “harmless error” has been developed to avoid reversal in cases where it appears that justice has been served and that in all probability a new trial would not alter the end result. See Urga v. State, 155 So.2d 719 (Fla. 2d DCA 1963).
It follows that the admission of evidence which should have been excluded does not require reversal of a conviction where there was other evidence of guilt sufficient to support the jury’s verdict and the improperly admitted evidence was cumulative. See Odom v. State, 403 So.2d 936 (Fla.1981). Colonel Burkette’s testimony supplies sufficient evidence to affirm the conviction.
Under the facts and circumstances of this case, the error was harmless.
AFFIRMED.
SMITH and WIGGINTON, JJ., concur.