Philip A. FEIGIN, Acting Securities
Commissioner for the State of
Colorado, Plaintiff–Appellant,

v.

Carl N. ZINN, Defendant–Appellee.

No. 88CA1060.

Colorado Court of Appeals,
Div. IV.

Feb. 8, 1990.

Duane Woodard, Atty. Gen., Charles B.
Howe, Chief Deputy Atty. Gen., Richard H.

Forman, Sol. Gen., and Richard Djokic, Asst. Atty. Gen., Denver, for plaintiff-appellant.

Rothgerber, Appeal, Powers & Johnson, James M. Lyons and Patrick M. Flaherty, Denver, for defendant-appellee.

Joseph H. Long, Norman, Okl., and Calkins, Kramer, Grimshaw & Harring, John A. Eckstein, Denver, amicus curiae North American Securities Administrators Ass'n.

Opinion by Judge HUME.

Plaintiff, Phillip A. Feigin, the acting securities commissioner for the State of Colorado (commissioner), appeals from a declaratory judgment in favor of defendant, Carl Zinn, declaring that the transactional immunity provided by § 11–51–119, C.R.S. (1987 Repl.Vol. 4B) is self-executing upon a witness' expression of an intent to claim his constitutionally guaranteed privilege against self-incrimination. We reverse and remand with directions.

The commissioner, pursuant to § 11–51–119(2), C.R.S. (1987 Repl.Vol. 4B), issued a subpoena duces tecum requiring defendant to appear, to give testimony, and to produce certain documents before the commissioner at an investigatory proceeding. Defendant appeared pursuant to the subpoena and stated that he intended to invoke his privilege against self-incrimination in response to any questions that might be asked by the commissioner. Defendant also asserted that, while he was prepared to produce the subpoenaed documents, such production would be subject to the immunity provided in § 11–51–119(5), C.R.S. (1987 Repl.Vol. 4B).

The commissioner declined to receive either defendant's testimony or the proffered documents on the grounds that neither he nor any other officer of the Colorado Division of Securities was authorized to compel testimony or to grant immunity upon a claim of the privilege against self-incrimination.

The commissioner subsequently filed an action seeking to establish a procedure to compel Zinn's compliance with the subpoena in accordance with § 11–51–119(5), while preserving his privilege against self-incrim-

ination. Following a hearing, the trial court, relying on *United States v. Goodner*, 35 F.Supp. 286 (D.Colo.1940), held that if a witness appears pursuant to a subpoena issued by the commissioner, and the commissioner is notified that the witness intends to invoke his privilege against compelled self-incrimination, any testimony or evidence subpoenaed would not be voluntary, but rather, would be given under compulsion, entitling the witness to an automatic grant of transactional immunity provided in § 11–51–119(5) as to all subpoenaed evidence.

## I.

■ The commissioner contends the trial court erred in determining that the transactional immunity provided under § 11–51–119(5) can be unilaterally obtained by a witness' assertion of his intent to claim his constitutionally guaranteed privilege against self-incrimination. The commissioner specifically argues that the statute in question requires a judicial determination of the likelihood that the witness' testimony or production will be self-incriminatory, and that a court order compelling testimony or production is a prerequisite to a grant of immunity under 11–51–119(5). We agree.

Section 11–51–119, C.R.S. (1987 Repl.Vol. 4B) provides, in pertinent part, that:

"(4) In case of contumacy by, or refusal to obey a subpoena issued to, any person, the *district court of the City and County of Denver, upon application by the securities commissioner, may issue to the person an order requiring him to appear before the securities commissioner, or the officer designated by him to produce documentary evidence if so ordered or to give evidence touching the matter under investigation or in question.* Failure to obey the order of the court may be punished by the court as a contempt of court.

(5) No person is excused from attending and testifying or from producing any document or record before the securities commissioner, or in obedience to the sub-

poena of the securities commissioner or any officer designated by him, or in any proceeding instituted by the securities commissioner on the ground that the testimony or evidence, documentary or otherwise, required of him may tend to incriminate him or subject him to a penalty or forfeiture; *but no individual may be prosecuted or subjected to any penalty or forfeiture for, or on account of any transaction, matter, or thing concerning which he is compelled, after claiming his privilege against self-incrimination, to testify or produce evidence, documentary or otherwise;* except that the individual testifying is not exempt from prosecution and punishment for perjury in the first or second degree, or contempt committed in testifying." (emphasis supplied)

■ The statute, thus, provides immunity from prosecution to a witness who is compelled to testify after claiming his privilege against self-incrimination. Also, the statute vests with the court the authority to compel testimony or production of evidence pursuant to a subpoena rather than with the commissioner or his designate. *See* § 11–51–119(4). *See also* § 11–51–117(4), C.R.S. (1987 Repl.Vol. 4B) and § 24–4–105(5), C.R.S. (1988 Repl.Vol. 10A) (commissioner may designate an administrative law judge, who may petition the district court to compel testimony or produce evidence in compliance with a subpoena.)

The district court's exclusive authority to compel testimony or produce evidence under § 11–51–119(4) stems from the separation of powers under Colo. Const. Art. III and the vesting of the state's judicial power with the courts under Colo. Const. art. VI, § 1. Inherent in the court's authority to compel testimony is the power to punish for contempt, which is a judicial power within the meaning of the constitution. That power belongs exclusively to the courts in the absence of a constitutional vestiture of such power upon another body or agency. *People v. Swena,* 88 Colo. 337, 296 P. 271 (1931).

Here, the Colorado Constitution does not empower the Colorado Division of Securities to punish for contempt. Thus, the commissioner is not empowered to compel testimony or the production of documents without the aid of a judicial order. Hence, we conclude that, for purposes of immunity under § 11–51–119(5), once the witness appears before the commissioner and invokes his privilege against self-incrimination, only the district court can compel his testimony. *See People v. Swena, supra.*

Furthermore, a witness is not exonerated from testifying or producing evidence merely because he declares his subjective belief that in so doing he would incriminate himself. *Hoffman v. United States,* 341 U.S. 479, 71 S.Ct. 814, 95 L.Ed. 1118 (1951).

■ It is for the court to determine whether a witness' refusal to give evidence is constitutionally justified, and before the court can compel a response or punish for contempt in the face of a claim of privilege against self-incrimination, it must be " *'perfectly clear,* from a consideration of all the circumstances in the case, that the witness is mistaken,' " and that the testimony or the documents cannot possibly have a tendency to incriminate. *People v. Razatos,* 699 P.2d 970 (Colo.1985) (quoting *Hoffman v. United States, supra,* emphasis in original). On the other hand, if there is a likelihood that the evidence sought may be self-incriminatory, the court may accede to the commissioner's request that transactional immunity be granted as a condition precedent for the court's granting of an order to compel.

■ In addition, the privilege against self-incrimination may not be asserted as a blanket claim in anticipation of questions actually propounded, for to do so would utilize the privilege as a prohibition against inquiry, rather than a constitutionally justified option of refusal. *People v. Austin,* 159 Colo. 445, 412 P.2d 425 (1966). Thus, a witness must first wait until a question which tends to be incriminating has been asked, and then decline to answer.

Consequently, we conclude that the transactional immunity provided under § 11–51–119(5) is not self-executing upon notification to the commissioner that a witness intends to claim a privilege against self-incrimination. Rather, both a determination of the likelihood of self-incrimination

and a court order compelling the revelation of the subpoenaed evidence are prerequisites to a grant of immunity under § 11–51–119(5).

Finally, our reading of *United States v. Goodner, supra,* leads us to conclude that the trial court's reliance on that case is misplaced. In that case, Goodner was subpoenaed to appear before the federal Securities and Exchange Commission and sought to invoke his privilege against self-incrimination under a federal securities statute nearly identical to § 11–51–119(5). Acting with full notice that the witness intended to claim his privilege and seek a grant of immunity under the statute, the examining official nonetheless took Goodner's testimony and accepted the documents called for by the subpoena. That evidence and testimony were later used to indict Goodner for mail and securities fraud.

The federal district court, in which the criminal proceedings were pending, quashed the indictment on the grounds that it was based on testimony given under an implied grant of immunity and that the witness' constitutional privilege had been violated.

Here, when the defendant appeared and claimed his privilege against self-incrimination, he was told that the commissioner was not empowered to compel testimony or to grant immunity and, unlike the proceedings in *United States v. Goodner, supra,* evidence was not taken and later used as the basis for criminal proceedings. Under these circumstances we perceive no violation of defendant's constitutional privilege against self-incrimination by the commissioner, and therefore, we conclude that the ruling in *United States v. Goodner, supra,* is inapposite.

## II.

■ Defendant's contention that the subpoena issued by the commission is, in and of itself, sufficient compulsion to meet the requirements under § 11–51–119(5) is also without merit. *See Minnesota v. Murphy,* 465 U.S. 420, 104 S.Ct. 1136, 79 L.Ed.2d 409 (1984) (appearance in accordance with a subpoena is not compulsion to testify or produce any particular document).

Defendant's reliance upon *Jenny v. State of Florida,* 447 So.2d 1351 (Fla.1984), as persuasive authority, is misplaced. That case interpreted a statute which, unlike the statute in question here, unconditionally and expressly conferred transactional immunity upon persons who appeared and testified pursuant to a subpoena without any requirement that the subpoenaed person claim a privilege against self-incrimination or that he be compelled by court order to comply with the subpoena. *See also United States v. Monia,* 317 U.S. 424, 63 S.Ct. 409, 87 L.Ed. 376 (1943).

Section 11–51–119(5), however, does not provide automatic blanket immunity upon compliance with a subpoena. That statute provides that immunity may be conferred by a court only after a subpoenaed witness asserts his privilege against self-incrimination.

Accordingly, the judgment is reversed, and the cause is remanded to the trial court for further proceedings in accord with the views expressed herein.

JONES and REED, JJ., concur.