566 So.2d 1318 (1990)
Thomas MEEK, Appellant,
v.
STATE of Florida, Appellee.
Nos. 88-0288, 88-1389 and 88-2816.
District Court of Appeal of Florida, Fourth District.
August 8, 1990.
Rehearing Certification and Stay Denied October 10, 1990.
*1319 Arthur W. Tifford of Arthur W. Tifford, P.A., Miami, for appellant.
Robert A. Butterworth, Atty. Gen., and Deborah Guller, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
This is an appeal from an order denying appellant's motion for post-conviction relief following an evidentiary hearing. We affirm in part and reverse in part.
Most of the issues raised in the motion for post-conviction relief concern allegations of ineffective assistance of counsel. The record and the trial court's orders reflect that the trial court properly applied the test set out in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), in concluding that appellant was not entitled to relief. We find no error on this issue.
The trial court also concluded that the appellant's claim of transactional immunity under Jenny v. State, 447 So.2d 1351 (Fla. 1984), raised for the first time in the motion for post-conviction relief, was barred because it was not raised during the original trial proceedings. Because of the fundamental nature of the issue we cannot agree.
In Poppell v. State, 4 So.2d 331 (Fla. 1941) the Florida Supreme Court held that a claim of transactional immunity must be raised before a defendant enters a plea, or the claim is waived. However, the Poppell rule has apparently been displaced by the enactment of Rule 3.190(c) of the Florida Rules of Criminal Procedure which provides:
Unless the court grants him further time, the defendant shall move to dismiss the indictment or information either before or upon arraignment. The court in its discretion may permit the defendant to plead and thereafter to file a motion to dismiss at a time to be set by the court. Except for objections based upon fundamental grounds, every ground for motion to dismiss which is not presented by a motion to dismiss within the time hereinabove provided for shall be taken to have been waived. However, the court may at any time entertain a motion to dismiss on any of the following grounds:
(1) The defendant is charged with an offense for which he has been pardoned; or
(2) The defendant is charged with an offense of which he has previously been placed in jeopardy; or
(3) The defendant is charged with an offense for which he has previously been granted immunity; or
(4) There are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant. The facts on which such motion is based should be specifically alleged and the motion sworn to.
While the rule provides that immunity may be raised "at anytime," we are not certain that the rule was intended to allow the issue to be raised for the first time in a collateral attack several years after conviction. Rather, we believe the rule contemplates that ordinarily the issue may be raised at any time before the conclusion of the trial court proceedings. Subsection (4) of the rule provides, for example, that an issue as to the sufficiency of evidence may be raised "at anytime." However, the law is clear that such a claim must be raised before an adjudication of guilty, even to preserve the issue for review on appeal, and a claim based on insufficiency of the evidence may not be raised in collateral proceedings. On the other hand, the language of Rule 3.190 does suggest that a claim of immunity is of a fundamental nature and may be raised post-conviction.
*1320 In State v. Johnson, 483 So.2d 420 (Fla. 1986), it was held that a claim of double jeopardy may be raised for the first time in collateral proceedings. That ruling was predicated on the fundamental nature of the issue, rather than the provisions of the criminal rules:
While the state concedes that jeopardy attached when the trial judge accepted Johnson's pleas of nolo contendere, it next argues that Johnson waived his right to raise the double jeopardy violation by not raising it at the time he was tried on these charges. We find no waiver under the circumstances of this case. The United States Supreme Court has held that the right not to be twice placed in jeopardy is "fundamental," Benton v. Maryland, 395 U.S. 784, 794-96, 89 S.Ct. 2056, 2062-63, 23 L.Ed.2d 707 (1969), and that the primary purpose of the double jeopardy clause "is to prevent a trial from taking place at all, rather than to prescribe procedural rules that govern the conduct of a trial." Robinson v. Neil, 409 U.S. 505, 509, 93 S.Ct. 876, 878, 35 L.Ed.2d 29 (1973). See Sanabria v. United States, 437 U.S. 54, 98 S.Ct. 2170, 57 L.Ed.2d 43 (1978).
We conclude that the law is clear that the claim of double jeopardy may be raised in a post-conviction relief proceeding after the second conviction, even when that conviction is the result of a guilty plea. See Hudson v. Louisiana, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981) (double jeopardy claim not waived even though it had not been raised until federal habeas corpus proceedings were filed at the conclusion of all appeals); Menna v. New York, 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975) (double jeopardy claim upheld where defendant asserted claim after pleading guilty to the second charge); Blackledge v. Perry, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974) (no waiver of double jeopardy claim where claim was asserted by petition for habeas corpus after defendant pleaded guilty to the second charges). We agree with the Court of Appeals of New York that the failure to raise the defense before the second trial is more equivocal than agreeing to plead guilty to the second charge, and conclude, as it did, that the failure to timely raise a double jeopardy claim does not, in and of itself, serve as a waiver of the claim. See People v. Michael, 48 N.Y.2d 1, 394 N.E.2d 1134, 420 N.Y.S.2d 371 (1979). In the instant case, Johnson was initially charged with a felony offense but was, in accordance with his plea agreement, adjudicated guilty of a necessarily lesser included misdemeanor offense, as well as two of the originally charged misdemeanor offenses. We hold the double jeopardy clause of article I, section 9, of the Florida Constitution prohibits the state from charging Johnson again for those offenses. Because the prohibition against double jeopardy applies and the state, therefore, had no right to try Johnson "at all," the question as to whether Johnson was prejudiced by the second adjudication of guilt is not an appropriate issue for consideration in this cause. We caution that there may be limited instances in which a defendant may be found to have knowingly waived his double jeopardy rights. See United States v. Pratt, 657 F.2d 218 (8th Cir.1981), United States v. Herzog, 644 F.2d 713 (8th Cir.), cert. denied, 451 U.S. 1018, 101 S.Ct. 3008, 69 L.Ed.2d 390 (1981). Such a waiver, however, is not supported by the circumstances of this case. 483 So.2d at 422, 423.
Similarly, it appears that a claim of transactional immunity is of a fundamental nature. Section 914.04, the immunity statute controlling, provided:
No person, having been duly served with a subpoena or subpoena duces tecum, shall be excused from attending and testifying or producing any book, paper, or other document before any court having felony trial jurisdiction, grand jury, or state attorney, upon investigation, proceeding, or trial for a violation of any of the criminal statutes of this state upon the ground or for the reason that the testimony or evidence, documentary or otherwise, required of him may tend to convict him of a crime or subject him to a *1321 penalty or forfeiture, but no person shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter, or thing concerning which he may so testify or produce evidence, documentary or otherwise, and no testimony so given or produced shall be received against him upon any criminal investigation or proceeding.[1]
(emphasis supplied). In Jenny v. State, 447 So.2d 1351 (Fla. 1984) the supreme court held:
By its very plain meaning, the statute is self-executing. The statute automatically grants use and transactional immunity to one who testifies under the circumstances it delineates.[*] There is no requirement that a person must invoke the privilege against self-incrimination in order to be granted immunity. Had the legislature so desired, it could have included such a provision. 447 So.2d at 1353.
Case law has held that transactional immunity precludes the exercise of a court's jurisdiction over a person granted immunity. See Jenny, 447 So.2d 1351; McKown v. State, 54 So.2d 54 (Fla. 1951); Putnal v. State, 468 So.2d 444 (Fla. 1st DCA), pet. for rev. denied, 476 So.2d 675 (Fla. 1985). Accordingly, it would appear that immunity, like double jeopardy, is a fundamental issue that may be raised post-trial.
The issue does not end there, however. The state has cited evidence in the record that indicates the appellant is not entitled to immunity. The trial court did not resolve this issue because of its view that the claim was time-barred. Accordingly, while we affirm the trial court's decision on the ineffective assistance of counsel claims, we reverse the order on the immunity issue and remand this cause to the trial court for resolution of the immunity issue. The trial court may resolve the issue on the existing record or order further hearings as may appear appropriate in the discretion of the trial court.
ANSTEAD, GLICKSTEIN and WARNER, JJ., concur.
NOTES
[1] In 1980, section 914.04 provided for both transactional and use immunity. The legislature amended it in 1982 to exclude transactional immunity. Today the statute provides only for use immunity.