PER CURIAM.
This matter is before the court to review an order of the trial court entered August 2, 1991, on remand in an appeal from a rule 3.850 post-conviction relief proceeding.
The case has had a tortuous life in the system, commencing with appellant’s indictment by a grand jury in the spring of 1982 for the alleged crime of murder in 1980. A jury found appellant guilty of premeditated murder in December, 1982, and he was sentenced to life imprisonment with twenty-five years’ mandatory minimum. On direct appeal, this court affirmed that decision in Meek v. State, 474 So.2d 340 (Fla. 4th DCA 1985), approved by the Supreme Court of Florida in Meek v. State, 487 So.2d 1058 (Fla.1986). In December, 1987, the trial court denied a petition for writ of habeas corpus. On April 27, 1988, the trial court ruled on a petition for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850, in which appellant contended, for the first time, that upon the authority of section 914.04, Florida Statutes (1979), he had *1302 transactional immunity and that he had ineffective assistance of counsel in his trial. Said motion was denied in all respects, the trial court holding that counsel was not ineffectual and that appellant could not raise immunity for the first time in a post-conviction relief proceeding. That decision was reviewed by this court in Meek v. State, 566 So.2d 1318 (Fla. 4th DCA 1990), review denied, 581 So.2d 167 (Fla.1991) (Meek II), and resulted in an affirmance of the ruling on ineffective assistance of counsel, but a reversal of the trial court’s holding that the defense of immunity was not timely raised. In our opinion we quoted from Jenny v. State, 447 So.2d 1351 (Fla.1984), (Jenny II) and its holding that the statute on immunity was self-executing and automatically grants use and transactional immunity to one who testifies against his will; express invocation of the privilege against self-incrimination was not necessary. This court further stated:
The issue does not end there, however. The state has cited evidence in the record that indicates the appellant is not entitled to immunity. The trial court did not resolve this issue because of its view that the claim was time-barred. Accordingly, while we affirm the trial court’s decision on the ineffective assistance of counsel claims, we reverse the order on the immunity issue and remand this cause to the trial court for resolution of the immunity issue. The trial court may resolve the issue on the existing record or order further hearings as may appear appropriate in the discretion of the trial court.
566 So.2d at 1321. Thereupon, on remand the trial court considered the matter on the existing record and extensive argument of counsel on the immunity issue and on August 2, 1991, entered the order presently being reviewed. Instead of determining the factual aspects of the immunity issue, the trial court took issue with our application of Jenny II to this case. Contrary to our decision, the trial judge determined that this case was controlled by State v. Jenny, 424 So.2d 142 (Fla. 4th DCA 1982), (Jenny I) and not the interpretation of the statute subsequently announced by the supreme court in Jenny II. The trial court erred in its ruling.
The trial court looked to State v. Glenn, 558 So.2d 4 (Fla.1990) as controlling. Contrary to the finding of the trial court, Glenn supports Meek IVs determination to apply Jenny II to this proceeding. In Glenn, citing to Witt v. State, 387 So.2d 922 (Fla.), cert. denied, 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980), the supreme court stated:
We held that only major constitutional changes of law which constitute a development of fundamental significance are cognizable under a motion for postconviction relief. Most such ‘jurisprudential upheavals’ in the law fall within two broad categories, i.e., decisions ... [citations omitted] which place beyond the authority of the state the power to regulate certain conduct or impose certain penalties, and decisions ... [citations omitted] which are of such significant magnitude as to necessitate retroactive application as determined by the three-prong test applied in Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). Witt, 387 So.2d at 929 (footnote omitted).
Id., 558 So.2d at 6. Applying the test of Glenn to this case, we hold that Jenny II should be applied retroactively as it constituted a fundamental constitutional change of law by concluding that section 914.04, Florida Statutes (1979), placed a defendant beyond the state’s power to prosecute and impose penalties where the statute granted him immunity regardless of whether he invoked his privilege against self-incrimination. Thus, it falls within the first category of cases denoted in Glenn and Witt, not in the second category of cases which must meet the three prong test of Stovall, as the trial court found.
We also reject the trial court’s argument, based upon Glenn, that since the legislature amended section 914.04 and abolished transactional immunity, the relief being sought here, Jenny II should therefore not be applied to this case. That argument does not square with Jenny II. In Glenn, the supreme court stated:
*1303 In effect, Glenn is now asking this Court to apply retroactively a decision interpreting the legislature’s intent in enacting a statute that the legislature, by amending that statute, has now indicated was incorrect. We simply fail to see the logic of such a position.
Id. at 9. In Jenny II, the supreme court, acknowledged in a footnote, but still did not take into account, the fact that the legislature amended section 914.04 to delete the provision regarding transactional immunity. Id. at 1353. The supreme court found the statute in Jenny was clear and unambiguous on its face. Despite its later amendment the court could not rewrite the statute in existence at the time the defendant was subpoenaed and received immunity, nor can we rewrite it here, if on the facts appellant was entitled to immunity by its terms.
We thought that we had made it clear in Meek II that Jenny II was to apply to this case but apparently we were not clear enough. We reverse and remand this case to the trial court to conduct an evidentiary hearing to determine whether factually appellant was entitled to immunity for this prosecution. While our previous directive allowed the trial court to determine this issue from the record already made, which the court did not do, given the passage of over four years from the last evidentiary hearing as well as possible rotation of trial judges, we order a new hearing on this issue.
Reversed and remanded.
GLICKSTEIN, C.J., and DOWNEY and WARNER, JJ., concur.