STONE, Judge.
This is the third appeal in this case. Appellant was convicted of first degree murder in 1982. Years later, Appellant sought post *544 conviction relief claiming that he had “transactional” immunity from prosecution. In the first appeal, this court held that the immunity issue could be raised post-trial. Meek v. State, 566 So.2d 1318 (Fla. 4th DCA 1990), rev. denied, 581 So.2d 167 (Fla.1991) (Meek I). In the second appeal, we held that Appellant could assert his claim of immunity, pursuant to a retroactively applicable precedent, Jenny v. State, 447 So.2d 1351 (Fla. 1984), and notwithstanding the legislature’s subsequent abolishment of “transactional” immunity in 1982. Meek v. State, 605 So.2d 1301 (Fla. 4th DCA 1992) (Meek II). In Meek II, we directed the trial court to conduct an evidentiary hearing on the issue. A hearing was subsequently conducted, over 10 years after the trial, and the trial court concluded that Appellant is not entitled to immunity because he was not testifying under the compulsion of a subpoena. We affirm.
At the time Appellant gave testimony relevant to this appeal, he was not a suspect. In fact, Appellant, who was a known informant, initiated the subsequent criminal investigation by advising the sheriffs office that he had information about a homicide. In the course of his initial contact with the sheriffs office, Appellant inquired about “transactional” immunity, and was advised by the detective in charge, who had spoken with the state attorney’s office concerning Appellant’s request, that since Appellant was a voluntary witness accusing a third party, he would not receive transactional immunity for his testimony. There is testimony that Appellant understood this. Appellant advised the sheriffs office that his stepbrother committed the crime. He did not implicate himself by his statements, which were exculpatory.
Arrangements were made for Appellant to testify to the grand jury. He was not initially subpoenaed, and no promises were made to him concerning his testimony. Shortly before his appearance, Appellant spoke with the assistant state attorney presenting the ease to the grand jury. She told him that he would not receive or be entitled -to transactional immunity by his voluntary appearance. She also advised Appellant that he would be immunized by “use” immunity, thus prohibiting the use of his testimony against him. Appellant was also warned that he could be charged if it was later discovered that he committed the crime.
There is testimony indicating that Appellant requested the assistant state attorney to issue him a subpoena for limited purposes; so that he could show his probation officer why he left his county of residence, so that he could be paid, and because he feared his stepbrother’s family, who did not want him testifying. Appellant apparently was then given a subpoena.
There is no contention that Appellant made self incriminating statements, or that he said anything to the state attorney or grand jury that would be used against him. In fact, at the time Appellant testified, he was not the focus of the investigation. Rather, Appellant’s argument is, essentially, that under the transactional immunity statute, his mere appearance, even if totally exculpatory, fatally taints any charges against him later developed independently, even though he initiated the investigation by his accusation. Appellant further contends that his formal release by the state from the subpoena, before his testimony and on the record, was ineffective because it was not issued by a “court.”
It cannot be disputed that Appellant was formally “released” from subpoena by the state, before his testimony was given. The grand jury record reflects the following:
Now, Mr. Meek, I’ve subpoenaed you’ to the grand jury. However, I’m releasing you from that subpoena and we discussed this prior to you coming in. If you testify here today, you’re testifying voluntarily. You have no immunity, whatsoever, for your testimony.
Do you understand that Mr. Meek?
RESPONSE: Yes.
MY QUESTION: But I’ve also told you that nothing that you tell us can be used against you and I told that to the detective when he talked to you initially.
Do you understand that?
HIS ANSWER: Yes.
Do you wish to testify voluntarily before the grand jury about the events that you *545 witnessed sometime during either June, July or August of 1980?
MR. MEEK: Yes.
There was also testimony indicating that Appellant was free to leave. The assistant state attorney testified that Appellant was released “on the record” so that there would be no doubt that his testimony was not compelled and that he would not receive transactional immunity.
On a subsequent occasion, October 5,1981, Appellant, while still in his capacity as a prosecution witness, was issued a second subpoena. The state claims that the subpoena was issued in anticipation of trial, however, there was no trial on that date. The state contends that no one spoke to Appellant on that occasion. Appellant disputes this, and says he did talk to an assistant state attorney on that date, in his capacity as a state witness.
The primary issue on appeal is whether a state attorney, or assistant state attorney, has authority under the law to release a witness from a subpoena, thereby enabling the witness to testify to a grand jury voluntarily without a resulting cloak of transactional immunity.
Section 914.04, Florida Statutes (1979) provided:
Witnesses; person not excused from testifying in certain prosecutions on ground testimony might incriminate him; immunity from prosecution.—
No person having been duly served with a subpoena or subpoena duces tecum, shall be excused from attending and testifying ... upon the ground or for the reason that the testimony or evidence, documentary or otherwise, required of him may tend to convict him of a crime or to subject him to a penalty or forfeiture, but no person shall he prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter, or thing concerning which he may so testify or produce evidence, documentary or otherwise, and no testimony so given or produced shall be received against him upon any criminal investigation or proceeding.
(emphasis added). This statute was amended in 1982 to delete the transactional immunity provision. See § 914.04, Fla.Stat. (1983).
Appellant argues that the state attorney can never lawfully release a witness from a subpoena issued pursuant to section 914.03, Florida Statutes (1979). That section, in part, states:
Attendance of witnesses
A witness summoned by a grand jury or in a criminal case shall remain in attendance until excused by the court. A witness who departs without permission of the court shall be in criminal contempt of court.
Appellant asserts that this statute is explicit, and that any release of a subpoenaed witness by a state attorney without a court order to that effect is unauthorized by law. Therefore, it is argued, Appellant’s subpoena must have remained enforceable during his testimony, notwithstanding the fact that the subpoena was expressly cancelled with the witness’ knowledge and consent. Appellant asserts that the subpoena triggers automatic immunity from prosecution for the offense concerning which he testified under section 914.04. See State v. Weir, 380 So.2d 1297 (Fla. 3d DCA), rev. denied, 389 So.2d 1115 (Fla.1980). See also Putnal v. State, 468 So.2d 444 (Fla. 1st DCA), rev. denied, 476 So.2d 675 (Fla.1985).
In Weir, an assistant state attorney continued questioning a subpoenaed witness after telling the "witness that he was released from subpoena and was free to leave. The court held, inter alia,
While the assistant in charge of the investigation purported to “excuse” the defendant from that requirement [to appear and testify], we are cited to and are aware of no authority which suggests that anyone but a judge of the court which issued the subpoena possesses such power. See 35 FlaJur. Witnesses § 19 (1961); 81 Am. Jur.2d Witnesses §§ 9, 22 (1976). Thus, Weir testified in obedience to a still-legally-extant command of the court.
Id. at 1299. However, we note that in Weir, the result was at least in part based on the fact that the defendant had been told that he *546 would receive immunity by testifying unless he explicitly waived the privilege.
It is undisputed that the state attorney has the power to subpoena witnesses to appear before the grand jury, or the state attorney. See State ex rel Martin v. Michell, 188 So.2d 684 (Fla. 4th DCA), cert. discharged, 192 So.2d 281 (Fla.1966); Tsavaris v. Scruggs, 360 So.2d 745, 749 (Fla.1977); § 27.04, Fla. Stat. (1993). The statute confers on the state attorney “the plenary power to instigate the subpoena process.” Imparato v. Spicola, 238 So.2d 503, 506 (Fla. 2d DCA 1970). See also Tsavaris v. Scruggs. In State v. Doe, 592 So.2d 1121 (Fla. 2d DCA 1991), the court recognized that a state attorney’s subpoena “must be honored unless excused by the state attorney, or the court.” (emphasis added) The state argues that we should read this broad subpoena authority of the state attorney in conjunction with this court’s holding in Martin, 188 So.2d at 686, that:
If the law imposes a duty upon an officer to accomplish a stated governmental purpose then the law also confers by implication every particular power necessary or proper for complete exercise or performance of the duty that is not in violation of law or public policy.

Id.

We conclude that a state attorney has authority to release a state witness from a grand jury or investigative subpoena issued by the state.
Section 914.03 should not be read in a vacuum. There is no reason to read into it a restriction on the otherwise broad subpoena power of the state in exercising its authorized executive responsibility. We cannot disagree with the trial court’s conclusion that “[i]t would seem axiomatic that if the state attorney is vested with certain responsibilities ... then he or she must be vested with commensurate authority to accomplish same.” It is clear that the purpose of section 914.03 is to provide for the enforcement of subpoenas, not to restrict the investigative functions of the state. To the extent this opinion may be in conflict with Weir, we acknowledge such conflict.
With regard to Appellant’s alleged appearance before the state attorney on October 1, 1981, we also affirm. We recognize that the court made no explicit finding concerning the state’s claim that Appellant gave no statement on that date. Instead, the court determined that the issue was resolved on the same basis as the grand jury testimony. Although we acknowledge some ambiguity in the court’s cursory statement concerning its ruling, we should, and do, interpret the court’s decision in a manner consistent with the record. Although the court never specifically finds, as claimed by the state, that no statement of any kind was given by Appellant on October 5th, the court may well have concluded that it need not make a specific finding on that issue because the defendant, at a minimum, had been released from the trial subpoena. We also note that it is not contended that any such statement, even if given, was inconsistent with Appellant’s earlier exculpatory testimony.
We have resolved this appeal on the basis of the state attorney’s authority to release a witness from a subpoena, because that was the expressed ground for the trial court’s decision. However, we also note that there is support for a conclusion that Appellant would not be entitled to prevail in any event, if the facts are accepted most favorably to the state. Appellant was not a target of the state’s investigation; in fact, there was no investigation until Appellant contacted the police and advised them of a homicide, accusing a third person. Appellant’s role at all material times was as a state’s witness; his testimony was exculpatory and voluntary. In addition, as it turned out, his testimony was false, given for the purpose of misleading the authorities and directing them away from his own culpability. See Thomas v. State, 342 So.2d 978 (Fla. 1st DCA), cert. denied, 354 So.2d 987 (Fla.1977); Orosz v. State, 334 So.2d 26 (Fla. 1st DCA), appeal dismissed, 341 So.2d 292 (Fla.1976).
GUNTHER, J., and RAMIREZ, JUAN, Jr.,'Associate Judge, concur.